**In re Multidistrict Private Civil Treble Damage Litigation Involving PLUMBING FIXTURES.**

*Leslie Plumbing Co., et al. v. Crane Co., et al.,* (N.D. Illinois Civil Action No. 71–1099) E.D. Pennsylvania Civil Action No. 71–1558.

**No. 3.**

Judicial Panel on Multidistrict Litigation.

Oct. 20, 1971.

Before ALFRED P. MURRAH, Chairman* and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III,* and STANLEY A. WEIGEL, Judges of the Panel.

## OPINION AND ORDER

PER CURIAM.

The *Plumbing Fixture Litigation* pending in the Eastern District of Pennsylvania before Judge Alexander Harvey II now consists of approximately 345 actions. Approximately 325 actions have been transferred to Judge Harvey in the Eastern District of Pennsylvania pursuant to the Panel's Rule 12, authorizing the entry of Conditional Transfer Orders in tag-along cases. The *Leslie Plumbing* case, originally filed in the Northern District of Illinois, was thought to be such a tag-along case and a Conditional Transfer Order was entered in that action in May of 1971. After the expiration of time for opposition to transfer under Rule 12, the plaintiffs in this action submitted a motion to vacate which was rejected as untimely. The plaintiffs then filed this Motion to Retransfer the action to the Northern District of Illinois.

Plaintiffs apparently concede the presence of the statutory prerequisite to transfer here and the motion to retransfer is based, not on the absence of common questions of fact, but on the allegation that Judge Harvey is biased against the plaintiffs and all other plumbing contractors. In an affidavit stating the grounds for their allegations, counsel for plaintiffs charges that certain rulings by Judge Harvey could only have been made on the assumption that plumbing contractors suffered no damage from the defendants' alleged price-fixing. It is also asserted that Judge Harvey refused to rule upon a motion to intervene filed by these plaintiffs in an earlier action. For these reasons, plaintiffs insist that a different judge should be assigned to consider pretrial matters in this case. They express their fear that unless the case is remanded by the Panel they may be transferred to the Eastern District of Pennsylvania under Section 1404(a) and required to go to trial before Judge Harvey. If allowed to proceed in the Northern District of Illinois, they assure us that they will "abide" by all discovery taken by the Philadelphia plaintiffs, although some additional discovery may be necessary.

■ We find that the motion for retransfer must be denied. The plaintiffs request that we decide their motion by passing upon their allegations of bias, and indirectly upon the substantive rulings of Judge Harvey. Although we find little merit in plaintiffs' allegations, we think they must pursue their remedy elsewhere. Plaintiffs have attached an affidavit of bias or prejudice to their motion, but they have not presented it to the district judge, as required by 28 U.S.C. § 144. If plaintiffs seriously intend to press their allegations, they should present their affidavit to Judge Harvey. Section 1407 does not authorize the Panel to act as an appellate forum for every litigant disgruntled by the rulings of a transferee judge.

It is therefore ordered that the plaintiffs' motion for retransfer be denied.

---

* Although Judges Murrah and Lord were not present at the hearing they have, with the consent of all parties, participated in this decision.