In re **MOTION PICTURE "STANDARD ACCESSORIES" AND "PRE–VUES" ANTITRUST LITIGATION.**
**No. 93.**

Judicial Panel on Multidistrict Litigation.
March 20, 1972.

---

* Action dismissed February 11, 1972.

Before ALFRED P. MURRAH, Chairman, and EDWARD WEINFELD, EDWIN A. ROBSON *, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel *.

## OPINION AND ORDER

PER CURIAM.

Plaintiffs in four treble damage antitrust actions pending in two separate districts move the Panel for transfer to a single district for pretrial proceedings pursuant to 28 U.S.C. § 1407. Two plaintiffs, Poster Exchange and Exhibitors Poster Exchange,[1] are distributors of motion picture advertising accessories (referred to as "standard accessories") to motion picture exhibitors. The third plaintiff, Houck Theatres, is a motion picture exhibitor.

Poster Exchange and Exhibitors Poster Exchange allege that the manufacturers of the standard accessories conspired to deprive them of the opportunity to distribute those accessories in violation of Section 2 of the Sherman Act. Houck Theatres alleges that these manufacturers have conspired to monopolize the standard accessory business and the distribution of short motion picture advertising films (referred to as "prevues"), depriving it and the national class of motion picture exhibitors it seeks to represent of competitive prices for these items.

Some knowledge of the procedural posture of these actions is necessary to an understanding of our decision. In the *Poster Exchange* suit, filed in the Northern District of Georgia, summary judgment in favor of six of the seven defendants was recently reversed on appeal and plaintiff was granted the opportunity to demonstrate, if it could, the post-1961 acts that substantively support its antitrust allegations. Poster Exchange, Inc. v. National Screen Service Corp., 456 F.2d 662 (5th Cir. Mar. 7, 1972). In the *Exhibitors Poster Exchange* action, filed in the Eastern District of Louisiana, summary judgment obtained by the defendants in the district court was reversed on appeal and the action was remanded to permit plaintiff to introduce evidence, if any, of post-1961 antitrust violations. Exhibitors Poster Exchange, Inc. v. National Screen Corp., 421 F.2d 1313 (5th Cir. 1970). The district judge subsequently denied Exhibitors' request for a preliminary injunction and reminded plaintiff that it was relegated to post-1961 activities to prove its antitrust violations. In the *Houck Theatres* action, pending in the Northern District of Georgia, the court denied plaintiffs' motion to maintain the action as a class action and also denied subsequent motions for reconsideration or, alternatively, for an interlocutory appeal of this ruling.

Counsel representing all plaintiffs move the Panel to transfer these actions to a single district but, significantly,

---

* Judge John Minor Wisdom recused himself and did not participate in these proceedings. Although Judge Edwin A. Robson was not present at the hearing, he has, with the consent of all parties, participated in this decision.

1. Exhibitors Poster Exchange has two separate actions against the same defendants pending in the Eastern District of Louisiana. The second action, we are informed, was filed in August 1971 and presents factual and legal issues identical to those raised in the earlier action, except that damages are sought for a subsequent period. Because of this identity, this action has no bearing on our decision and no further reference to it need be made.

has not specified the district most appropriate for transfer. Indeed, it appears that counsel's motion is not based on factors cognizable under 28 U.S.C. § 1407 but on the prospect that another district judge may be more favorably disposed to his contentions. More specifically, it appears from the papers filed and the arguments presented at the hearing that Exhibitors Poster Exchange is dissatisfied with the discovery limitations imposed on it and that Houck Theatres is dissatisfied with the rejection of its class action requests.

■■ The Panel is not vested with statutory authority to review the decisions of district courts, whether they are transferor or transferee courts. *Cf.*, In re Plumbing Fixtures Litigation, 332 F. Supp. 1047 (J.P.M.L.1971). We are only authorized to determine whether transfer of civil actions to a single district "will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." 28 U.S.C. § 1407(a). Nothing in the record before us convinces us that transfer of these actions would accomplish the objectives of Section 1407.

It is therefore ordered that the motion for transfer of the actions listed on the attached Schedule A be, and hereby is, denied.

## SCHEDULE A

### Northern District of Georgia

| | |
|---|---|
| The Poster Exchange, Inc. v. National Screen Service Corp., et al. | Civil Action No. 12497 |
| Houck Theatres, Inc., et al. v. National Screen Service Corp., et al. | Civil Action No. 12607 |

### Eastern District of Louisiana

| | |
|---|---|
| Exhibitors Poster Exchange, Inc. v. National Screen Service Corp., et al. | Civil Action No. 67–1160 |
| Exhibitors Poster Exchange, Inc. v. National Screen Service Corp., et al. | Civil Action No. 71–2222 |