## In re TEXAS GULF SULPHUR SE-CURITIES LITIGATION.

### No. 100.

Judicial Panel on Multidistrict Litigation.
July 11, 1972.

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM,* EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER,* JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

### OPINION AND ORDER

### PER CURIAM.

The complaint filed by plaintiff Fox in the District of Utah is the latest action to be brought against Texas Gulf Sulphur Company ("TGS") and its officers arising from the dissemination of news and information with respect to that company's major mineral discovery in Canada in 1963 and 1964. At present 69 private damage actions against TGS alleging violations of Section 10(b) of the Securities Exchange Act and Rule 10b–5 promulgated thereunder are pending in the Southern District of New York. Defendants have moved the Panel to transfer the Fox action to the Southern District of New York for coordinated or consolidated pretrial proceedings with those cases, pursuant to 28 U.S.C. § 1407. All responding parties, except plaintiff Fox, favor transfer. We find that transfer of this action will prevent inconsistent class action determinations, avoid duplicative discovery and in general promote the just and efficient conduct of the litigation.

This litigation began in 1965 when the Securities and Exchange Commission filed an action against TGS and its officers in the Southern District of New

* Although Judges Wisdom and Becker were not present at the hearing, they have, with the consent of all parties, participated in this decision.

York alleging violations of the federal securities laws. A wave of private damage actions followed in various jurisdictions in both state and federal courts, although the bulk of the litigation was commenced in the Southern District of New York. Where possible, state cases were removed to federal courts and cases pending in the federal courts were transferred to the Southern District of New York pursuant to 28 U.S.C. § 1404(a). The Honorable Dudley B. Bonsal was appointed to coordinate the proceedings in the SEC action and in all of the private damage actions in that district. In addition, eighteen private damage actions arising from the same facts are pending in New York state court and are being coordinated, so far as pretrial proceedings are concerned, with the cases in the Southern District of New York.

In 1966 an individual action (hereinafter Reynolds) was commenced by plaintiff Reynolds in the District of Utah against TGS and its officers. Defendants' motion to have that case transferred under 28 U.S.C. § 1404(a) to the Southern District of New York was denied by the district court.[1] Subsequent to this ruling three more actions against TGS were filed in the District of Utah and consolidated with the Reynolds action for trial.

Meanwhile, in the New York proceedings Judge Bonsal established the so-called Cannon class, which consists of all persons who sold TGS stock between April 12, 1964, and 10:55 a. m. on April 16, 1964, at a price of $33 per share or less, in alleged reliance on the press release issued by TGS on April 12, 1964.[2] Subsequent to the establishment of the Cannon class, Judge Willis W. Ritter announced his decision on the merits in favor of plaintiffs in the Reynolds case.[3] Counsel for Reynolds, now representing Fox, filed a post-trial motion to have the Reynolds case declared a class action on behalf of a class that encompassed both the Cannon class and persons who sold TGS stock after 10:55 a. m. on April 16, 1964. Judge Ritter denied the motion and that decision was affirmed on appeal.[4]

During the course of this appeal, Reynolds and Fox sought to intervene in the New York proceedings. Judge Bonsal denied the application of Reynolds to intervene on the ground that he had already recovered judgment in Utah on the claim that he sought to make in New York. He also denied both applications on the ground that Reynolds and Fox were not members of the Cannon class as previously defined. Reynolds and Fox then moved to expand the Cannon class action definition to include a class as broad as the one defined in the Fox complaint. This motion and similar motions by New York plaintiffs were denied.[5]

Following these setbacks, Fox filed his complaint in the District of Utah. The action is brought as a class action alleged to consist of persons who sold TGS stock after 10:55 a. m. on April 16, 1964, on April 17, 1964, and persons who sold during an undetermined period thereafter.

The movants assert that the Fox action is the only TGS securities action pending in a federal court other than the Southern District of New York. A settlement agreement has been reached between plaintiffs and defendants in 63 of the 69 private damage actions pending

---

1. Defendants also petitioned the Court of Appeals for the Tenth Circuit for a writ of mandamus requiring transfer under Section 1404(a) and were denied. Texas Gulf Sulphur Co. v. Ritter, 371 F.2d 145 (10th Cir. 1967).

2. Cannon v. Texas Gulf Sulphur Co., 47 F.R.D. 60 (S.D.N.Y. 1969).

3. Reynolds v. Texas Gulf Sulphur Co., 309 F.Supp. 548 (D.Utah 1970).

4. Reynolds v. Texas Gulf Sulphur Co., 309 F.Supp. 548 (D.Utah 1970), aff'd sub nom. Mitchell v. Texas Gulf Sulphur Co., 446 F.2d 90 (10th Cir. 1971), cert. denied, 404 U.S. 1004, 92 S.Ct. 564, 30 L.Ed.2d 558 (Dec. 20, 1971), rehearing on petition denied, 404 U.S. 1064, 92 S.Ct. 734, 30 L.Ed.2d 754 (Jan. 24, 1972), cert. denied, 405 U.S. 918, 92 S.Ct. 943, 30 L.Ed.2d 788 (Feb. 22, 1972).

5. Cannon v. Texas Gulf Sulphur Co., 53 F.R.D. 216 (S.D.N.Y.1971).

in the New York federal court, and in thirteen of the eighteen cases pending in the New York state court. But the parties favoring transfer point out that even if the proposed settlement is approved [6] there will remain before Judge Bonsal cases in which pretrial proceedings will have to be conducted. And it is asserted that absent transfer of the Fox action there will certainly be overlapping and duplicitous discovery. The major thrust of movants' argument, however, is that transfer is necessary to prevent conflicting class action determinations.

Fox opposes transfer to the Southern District of New York. He argues that all of the discovery that resulted in the Reynolds judgment and that is pertinent to his action is available to him in the District of Utah and that only factual questions of an individual nature remain to be discovered. Fox also asserts that transfer will effectively preclude him from establishing his class action claims.

In order to promote the just and efficient conduct of multidistrict litigation and to avoid duplication in discovery, we have consistently transferred cases that involve common questions of fact to a single district for coordinated or consolidated pretrial proceedings. *See, e. g.*, In re Hotel Telephone Charge Antitrust Litigation, 341 F.Supp. 771 (J.P.M.L. March 30, 1972). It is clear that even though Fox is not a member of the Cannon class the facts that he would have to prove as an individual litigant will involve much of the same discovery applicable to the nonsettling cases in the Southern District of New York. Furthermore, we are not persuaded of the sincerity of counsel's arguments opposing transfer especially since he tried before, albeit unsuccessfully, to have his client included in the proceedings in the Southern District of New York.

■ From the papers filed and the arguments presented at the hearing, it is obvious that the crux of the opposition to transfer centers on the ability of Fox, if transferred, to act as the representative of a class. The New York court has already ruled that there is not sufficient numerosity under Rule 23 to justify setting up the class alleged by Fox.[7] We have frequently held that the possibility of inconsistent class action determinations is an important factor favoring transfer. *See, e. g.*, In re Career Academy Antitrust Litigation, 342 F.Supp. 753 (J.P.M.L. April 28, 1972); In re Refrigerant Gas Antitrust Litigation, 334 F.Supp. 996 (J.P.M.L.1971). And the prospect of an unfavorable ruling by the transferee court or the possibility that another district judge may be more favorably disposed to a litigant's contentions are clearly not factors considered by the Panel in determining whether transfer for coordinated or consolidated pretrial proceedings is appropriate. *Cf.* In re Plumbing Fixtures Litigation, 342 F.Supp. 756 (J.P.M.L. May 5, 1972); In re Motion Picture "Standard Accessories" and "Pre-Vues" Antitrust Litigation, 339 F.Supp. 1278 (J.P.M.L. March 20, 1972).

■ It is therefore ordered that the action C. Irvin Fox v. Texas Gulf Sulphur Company, et al., D.Utah, Civil Action No. 18–72, be, and the same hereby is, transferred to the Southern District of New York, and, with the consent of that court, assigned to the Honorable Dudley B. Bonsal for coordinated or consolidated pretrial proceedings, pursuant to 28 U.S.C. § 1407, with the actions listed on Schedule A.

6. At a hearing held on March 9, 1972, Judge Bonsal reserved decision on the proposed settlement until he has time to determine whether the settlement is fair, reasonable, adequate and proper.

7. Cannon v. Texas Gulf Sulphur Co., 53 F.R.D. 216 (S.D.N.Y.1971).

[See following illustrations]

## SCHEDULE A
### Southern District of New York

| | |
|---|---|
| Betty B. Alexander, et al. v. Texas Gulf Sulphur Co., et al. | Civil Action No. 65 Civ. 1632 |
| John Astor v. Texas Gulf Sulphur Co., et al. | Civil Action No. 65 Civ. 3078 |
| Bank of Bermuda, Ltd., as Trustee, et al. v. Texas Gulf Sulphur, Inc., et al. | Civil Action No. 69 Civ. 453 |
| Henry Berwind, et al. v. Texas Gulf Sulphur, Inc., et al. | Civil Action No. 71 Civ. 2395 |
| Paul D. Bieber, et al. v. Texas Gulf Sulphur Co., et al. | Civil Action No. 65 Civ. 1237 |
| Jerome Blum v. Texas Gulf Sulphur Co., et al. | Civil Action No. 65 Civ. 2644 |
| Morris Borrack, et al. v. Charles F. Fogarty, et al. | Civil Action No. 65 Civ. 3699 |
| Mrs. Katie Brown v. Texas Gulf Sulphur Co., et al. | Civil Action No. 67 Civ. 898 |
| Victor M. Cannon, Jr., Donald M. Green, et al. v. Texas Gulf Sulphur Co., et al. | Civil Action No. 65 Civ. 3114 |
| James Cloherty, et al. v. Francis G. Coates, et al. | Civil Action No. 65 Civ. 1581 |
| Colonial Realty Corp. v. Francis G. Coates, et al. | Civil Action No. 65 Civ. 2106 |
| Ben Comroe v. Texas Gulf Sulphur Co., et al. | Civil Action No. 69 Civ. 4531 |
| William H. Darrough, Jr., et al. v. Francis G. Coates, et al. | Civil Action No. 65 Civ. 1421 |
| Dick M. Dyer v. Texas Gulf Sulphur Co., et al. | Civil Action No. 69 Civ. 1510 |
| Isodore Fink v. Francis G. Coates, et al. | Civil Action No. 65 Civ. 2105 |
| Abraham Fischer v. Texas Gulf Sulphur Co., Inc., et al. | Civil Action No. 65 Civ. 3273 |
| Morris Floyd, et al. v. Texas Gulf Sulphur Co., et al. | Civil Action No. 70 Civ. 1215 |
| Harry H. Frackman, et al. v. Texas Gulf Sulphur Co., et al. | Civil Action No. 65 Civ. 2800 |
| Lillian Frieman, et al. v. Texas Gulf Sulphur Co., et al. | Civil Action No. 65 Civ. 3115 |
| Benjamin Frey, et al. v. Texas Gulf Sulphur Co., et al. | Civil Action No. 65 Civ. 2225 |
| Samuel Glatstein, et al. v. Texas Gulf Sulphur Co., Inc., et al. | Civil Action No. 66 Civ. 719 |
| Jack Greenapple, et al. v. Charles F. Fogarty, et al. | Civil Action No. 65 Civ. 1826 |
| George Greenberg v. Texas Gulf Sulphur Co., et al. | Civil Action No. 65 Civ. 1629 |
| Seymour Greene v. Texas Gulf Sulphur Co., et al. | Civil Action No. 70 Civ. 1372 |

SCHEDULE A—Cont'd

## Southern District of New York—Cont'd

| | |
|---|---|
| Clarence Vaughn Griffin, Sr. v. Texas Gulf Sulphur Co., et al. | Civil Action No. 65 Civ. 3665 |
| Estelle E. Gross, et al. v. Texas Gulf Sulphur Co., et al. | Civil Action No. 65 Civ. 2636 |
| James A. Hamill v. Texas Gulf Sulphur Co., et al. | Civil Action No. 67 Civ. 1395 |
| Jeanne W. Harris, et al. v. Charles F. Fogarty, et al. | Civil Action No. 65 Civ. 1045 |
| Hiram M. Helm v. Texas Gulf Sulphur Co., et al. | Civil Action No. 67 Civ. 222 |
| Charles Jagerman, et al. v. Texas Gulf Sulphur Co., et al. | Civil Action No. 65 Civ. 2348 *30* |
| Sheldon Jahss, et al. v. Texas Gulf Sulphur Co., et al. | Civil Action No. 65 Civ. 3230 |
| William C. Kinder, et al. v. Texas Gulf Sulphur Co. | Civil Action No. 66 Civ. 1448 |
| Edward King v. Texas Gulf Sulphur Co., et al. | Civil Action No. 67 Civ. 4747 |
| Margaret F. Kuck v. Claude O. Stephens, et al. | Civil Action No. 65 Civ. 2810 |
| Benjamin H. Lehman v. Texas Gulf Sulphur Co., et al. | Civil Action No. 66 Civ. 3254 |
| Harriet L. MacIver v. Texas Gulf Sulphur Co. | Civil Action No. 65 Civ. 2992 |
| Harriet L. MacIver v. Charles Fogarty, et al. | Civil Action No. 70 Civ. 1403 |
| Oscar Manchik, et al. v. Texas Gulf Sulphur Co., et al. | Civil Action No. 65 Civ. 1565 |
| Michael Marchesano, et al. v. Texas Gulf Sulphur Co., et al. | Civil Action No. 65 Civ. 1876 |
| Harry H. Marmon, et al. v. Texas Gulf Sulphur Co., et al. | Civil Action No. 65 Civ. 1371 *40* |
| George D. Meisner v. Texas Gulf Sulphur Co., et al. | Civil Action No. 67 Civ. 1644 |
| Winston K. Moore, et al. v. Texas Gulf Sulphur Co., et al. | Civil Action No. 66 Civ. 268 |
| Lillian Moran, et al. v. Francis G. Coates, et al. | Civil Action No. 65 Civ. 2666 |
| Jessie C. Nicholson v. Francis G. Coates, et al. | Civil Action No. 65 Civ. 2866 |
| Isobel T. O'Brien v. Charles F. Fogarty, et al. | Civil Action No. 65 Civ. 1692 |
| Arthur S. Padgett, et al. v. Texas Gulf Sulphur Co. | Civil Action No. 65 Civ. 3232 |
| Mollie Pomerantz, et al. v. Texas Gulf Sulphur Co., et al. | Civil Action No. 66 Civ. 9 |
| Provident National Bank as Trustee, et al. v. Texas Gulf Sulphur Co., et al. | Civil Action No. 70 Civ. 3704 |

SCHEDULE A—Cont'd
## Southern District of New York—Cont'd

| | |
|---|---|
| Sam Houston Life Insurance Co., et al. v. Texas Gulf Sulphur Co. | Civil Action No. 66 Civ. 2810 |
| Milton Shapiro, et al. v. Texas Gulf Sulphur Co., et al. | Civil Action No. 65 Civ. 2765 |
| Jacob Siegel, et al. v. Francis G. Coates, et al. | Civil Action No. 65 Civ. 3263 |
| George Simon, et al. v. Texas Gulf Sulphur Co., et al. | Civil Action No. 65 Civ. 3656 |
| Lillian B. Smith, et al. v. Edward M. Lamont, et al. | Civil Action No. 70 Civ. 1429 |
| James R. Spradlin, et al. v. Texas Gulf Sulphur Co., et al. | Civil Action No. 67 Civ. 212 |
| John W. Vogel, et al. v. Claude O. Stephens, et al. | Civil Action No. 65 Civ. 2092 |
| William R. Weill v. Texas Gulf Sulphur Co., et al. | Civil Action No. 66 Civ. 1037 |
| William B. Weinberger, et al. v. Texas Gulf Sulphur Co. | Civil Action No. 65 Civ. 1583 |
| Jadwiga A. Wellisz v. Francis G. Coates, et al. | Civil Action No. 65 Civ. 3305 |
| George C. Wells, et al. v. Texas Gulf Sulphur Co., et al. | Civil Action No. 65 Civ. 2424 |
| Fred C. White v. Texas Gulf Sulphur Co., et al. | Civil Action No. 65 Civ. 2701 |
| Clayton Winters, et al. v. Texas Gulf Sulphur Co., et al. | Civil Action No. 65 Civ. 3375 |
| Leon J. Wise, et al. v. Texas Gulf Sulphur Co., et al. | Civil Action No. 65 Civ. 1186 |
| Ernest C. Woolley, et al. v. Texas Gulf Sulphur Co., et al. | Civil Action No. 68 Civ. 4335 |
| Pat J. Zack, et al. v. Texas Gulf Sulphur Co., et al. | Civil Action No. 66 Civ. 1095 |
| Bruce J. Zweben, et al. v. Texas Gulf Sulphur Co. | Civil Action No. 66 Civ. 692 |
| A. W. Jones Associates v. Texas Gulf Sulphur Co., et al. | Civil Action No. 65 Civ. 3219 |
| Alex Brynin, et al. v. Texas Gulf Sulphur Co., et al. | Civil Action No. 65 Civ. 1718 |
| Edward Milberg, et al. v. Leslie M. Cassidy, et al. | Civil Action No. 65 Civ. 2904 |
| Edward Milberg v. Edward Lamont, et al. | Civil Action No. 70 Civ. 1508 |

## District of Utah

| | |
|---|---|
| C. Irvin Fox, etc. v. Texas Gulf Sulphur Co., et al. | Civil Action No. 18–72 |