## In re GLENN W. TURNER ENTER-PRISES LITIGATION.
### No. 109.

Judicial Panel on Multidistrict Litigation.
Opinion and Order Dec. 18, 1972.
Jan. 30, 1973.

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD,[*] EDWIN A. ROBSON,[*] WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL,[*] Judges of the panel.

## ORDER

PER CURIAM.

The Panel having found, upon the basis of the papers submitted and the hearing held, that the actions listed on the attached Schedule A involve common questions of fact and that their transfer to the Western District of Pennsylvania would serve the convenience of the parties and witnesses and would further the just and efficient conduct of the litigation,

It is ordered that all actions on the attached Schedule A pending in districts other than the Western District of Pennsylvania be, and the same hereby are, transferred to the Western District of Pennsylvania and, with the consent of that court, assigned to the Honorable Gerald J. Weber for coordinated or consolidated pretrial proceedings, pursuant to 28 U.S.C. § 1407, with the action pending in that district and listed on Schedule A.

It is further ordered that transfer of the action, Securities and Exchange Commission v. Glenn W. Turner Enterprises, Inc., et al., District of Oregon, Civil Action No. 72–390, be, and the same hereby is, denied.

A full opinion and order will be filed hereafter.

## OPINION AND ORDER

The activities of Dare to be Great, Inc., and Koscot Interplanetary, Inc., two subsidiaries of Glenn W. Turner Enterprises, Inc., are the subject of seventeen actions in ten districts seeking recovery for alleged fraud and deceit and violations of the state and federal securities laws. On its own initiative the Panel ordered the parties to these actions to show cause why they should not be transferred to a single district, pursuant to 28 U.S.C. § 1407, for coordinated or consolidated pretrial proceedings. On the basis of the responses to the order and the argument at the hearing on this matter, we have concluded that all actions, except the action brought by the Securities and Exchange Commission, should be transferred to the Western District of Pennsylvania for coordinated or consolidated pretrial proceedings.

Six of the actions brought by private individuals attack the method by which Koscot engaged in the distribution of mink-oil based cosmetics. The cosmetics were apparently sold through a complex pyramid of distributorships and subdistributorships and it is alleged, among other claims, that the cosmetics and the method of distribution were investment contracts or securities which were sold by misrepresentations and omissions in violation of the federal securities acts. Most of these actions also assert conflicting claims to class representation of purchasers of the cosmetic products and distributorship rights.

Six other actions by private investors make similar claims against Dare to be Great, which was organized after Koscot. Dare to be Great was, until recently, engaged in the sale of motivation, sales and self-improvement courses by means of a pyramidal promotion system. Members of the public were invited to meetings at which they were induced to purchase the courses and to sell or to induce others to sell the courses. These courses and the method of selling them are also alleged to be securities or investment contracts sold in violation of

[*] Judge Edward Weinfeld took no part in the hearing or decision of this matter. Judges Robson and Weigel were unable to attend the hearing but have, with the consent of all parties, participated in this decision.

federal securities laws and the plaintiffs in these cases also assert overlapping and conflicting class representation claims. The remaining private investor actions are brought against both Koscot and Dare to be Great and contain allegations concerning both businesses.

■ It is clear that coordinated or consolidated pretrial proceedings are required for the cases brought against Koscot and also for the cases brought against Dare to be Great. The question raised by the parties is whether the claims against both defendants should be transferred to a single forum. Many of the plaintiffs argue that each of the two corporations operated independently, selling different products by different promotional methods and contracts and that the two categories of claims should be separated to assure that the individual facts with regard to each business are fully and expeditiously developed. But the two categories of actions are not unrelated.

The Koscot and Dare to be Great businesses were allegedly conceived and promoted by the same individuals and the two corporations allegedly have interlocking ownership and directors. It should be noted in this connection that both Glenn W. Turner Enterprises, Inc., the parent corporation, and Glenn W. Turner, individually, are named defendants in all these actions. Because of the common factors we think it best serves the convenience of the parties and witnesses and the just and efficient conduct of these actions to place all of them in the same district, leaving to the discretion of the transferee judge the nature and extent of the coordination or consolidation between the two groups of cases. In re Plumbing Fixtures Antitrust Litigation, 295 F.Supp. 33, 34 (Jud.Pan. Mult.Lit.1968). And of the districts proposed as transferee district, the Western District of Pennsylvania is best suited to receive these cases. The action pending there is in a relatively advanced stage and the counsel, parties and witnesses in this nation-wide litigation will experience the least inconvenience in travelling there.

■ The only remaining question is whether the SEC action, filed in the District of Oregon, should be transferred for pretrial proceedings with the other actions. The SEC action seeks injunctive relief against Glenn W. Turner Enterprises, Dare to be Great and the individual officers and directors of those companies for alleged violations of the federal securities laws in connection with the sales programs of Dare to be Great. No claim is made concerning the Koscot business. The SEC resists transfer and we believe that on the individual facts of this litigation transfer should not be ordered.

An extensive hearing on the SEC's request for preliminary injunctive relief has already been held and Glenn W. Turner Enterprises, Dare to be Great and the officers and directors and all persons in active concert with them have been restrained and enjoined from selling, or offering to sell, in interstate commerce, certain of the self-motivation courses which are the subject of the private complaints unless the applicable provisions of the federal securities laws are complied with. At the same time the motions of defendants for dismissal and summary judgment were denied. Securities & Exchange Commission v. Glenn W. Turner Enterprises, Inc., 348 F.Supp. 766 (D.Or.1972, Skopil, J.). This action is obviously far advanced and it would not serve the convenience of the parties and witnesses nor the just and efficient conduct of any of these actions to transfer it now. Furthermore, the evidence received in the extensive adversary hearing on the crucial issues in the *SEC* action before Judge Skopil has become part of the record of the trial on the merits. Rule 65(a)(2), Fed.R.Civ.P. Because of this, in essence the trial on the merits has begun in the District of Oregon, and a transfer now would interrupt a trial essentially in progress.

It is therefore ordered that all actions on the attached Schedule A be, and the same hereby are, transferred to the Western District of Pennsylvania and assigned to the Honorable Gerald J. Weber for coordinated and consolidated pretrial proceedings, pursuant to 28 U. S.C. § 1407, with the action pending in that district and listed on Schedule A.

It is further ordered that transfer of the action, Securities and Exchange Commission v. Glenn W. Turner Enterprises, Inc., et al., Civil Action No. 72–390, District of Oregon, be, and the same hereby is, denied.

### SCHEDULE A

#### District of Oregon

| | |
|---|---|
| Daniel Ewald Kehr, et al. v. Dare to be Great, Inc., et al. | Civil Action No. 71–807 |
| Rozelia Johnson v. Dare to be Great, et al. | Civil Action No. 72–194 |
| Gary Lee King v. Dare to be Great, Inc., et al. | Civil Action No. 72–195 |
| David N. Garlington v. Dare to be Great, Inc., et al. | Civil Action No. 72–342 |
| Pat G. Trotti, etc. v. Koscot Interplanetary, Inc. | Civil Action No. 71–673 |

#### Eastern District of Pennsylvania

| | |
|---|---|
| William K. Robins, III, et al. v. Glenn W. Turner, et al. | Civil Action No. 71–1941 |

#### Western District of Pennsylvania

| | |
|---|---|
| Richard T. Bussey, et al. v. Dare to be Great | Civil Action No. 72–211 |

#### Northern District of Texas

| | |
|---|---|
| Joseph P. Cawthon, III, v. Dare to be Great | Civil Action No. 3–5673–D |
| Donald L. Woodfin v. Dare to be Great | Civil Action No. 3–5958–D |

#### District of Arizona

| | |
|---|---|
| Nancy L. Evans, etc. v. Koscot Interplanetary, Inc., et al. | Civil Action No. 72–214–Phx |

#### District of Connecticut

| | |
|---|---|
| Fred Threlfall, et al. v. Glenn W. Turner Enterprises, Inc., et al. | Civil Action No. 14774 |

#### Eastern District of New York

| | |
|---|---|
| Ralph J. Grosso, et al. v. Koscot Interplanetary, Inc., et al. | Civil Action No. 72–C–433 |

#### Northern District of Alabama

| | |
|---|---|
| John W. Tolbert, Jr. et al. v. Koscot Interplanetary, Inc., et al. | Civil Action No. 71–1199 |
| John E. Storey v. Dare to be Great | Civil Action No. 72–514 |

#### Southern District of Indiana

| | |
|---|---|
| Charles H. Tucker, II, etc. v. Glenn W. Turner Enterprises, Inc., et al. | Civil Action No. IP 72–C–91 |