## In re 7–ELEVEN FRANCHISE ANTITRUST LITIGATION.

*Morris & Dora Cohen, et al. v. The Southland Corp.,* E.D. Pa., Civil Action No. CA–72–1777.

**No. 97.**

Judicial Panel on Multidistrict Litigation. April 25, 1973.

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

OPINION AND ORDER

PER CURIAM.

The Panel ordered the parties in this litigation to show cause why the above-

captioned action should not be transferred pursuant to 28 U.S.C. § 1407 to the Northern District of California for coordinated or consolidated pretrial proceedings with the actions previously transferred to that district and assigned to the Honorable Robert H Schnacke. Defendant favors transfer of the action to that district, while the Cohen plaintiffs oppose transfer. The parties waived their right to oral argument and we have concluded from the papers filed that the *Cohen* action must be transferred for pretrial proceedings with the actions now pending in the Northern District of California.

Plaintiffs in the consolidated actions are present or former franchisees of defendant Southland. They allege that Southland violated the federal antitrust laws in connection with agreements and practices pertaining to the operation of 7-Eleven convenience retail grocery stores. Certain of the consolidated actions contained Rule 23 class allegations, but the transferee judge has unconditionally denied plaintiffs' requests for class action treatment. In re 7-Eleven Franchise Antitrust Litigation, F.Supp. (N.D.Cal., filed Aug. 10, 1972). The allegations in the *Cohen* complaint are similar to those asserted in the previously transferred actions and plaintiffs purport to represent a class of 7-Eleven franchisees in a limited geographical area.

■ The Cohen plaintiffs oppose transfer on the ground that their action involves only local issues and that their discovery will not duplicate that supervised by the transferee court. In addition, plaintiffs urge that transfer should be denied on the basis of the transferee judge's finding that the consolidated actions lacked sufficient commonality of facts to warrant class action treatment.

The arguments in opposition to transfer are not persuasive. The criteria for a class determination pursuant to Rule 23 of the Federal Rules of Civil Procedure are different from the criteria for transfer pursuant to 28 U.S.C. § 1407. We have examined the *Cohen* complaint and find that it raises questions of fact common to the previously transferred actions concerning alleged unlawful practices which defendant Southland engaged in with respect to current and former 7-Eleven franchisees. It is clear, therefore, that the discovery pursued in *Cohen* will be similar to the discovery contemplated by plaintiffs in the actions pending in the transferee court and we are satisfied that transfer of the *Cohen* action will serve the convenience of the parties and witnesses and will promote the just and efficient conduct of the litigation. And we point out that the transferee court can easily devise a discovery schedule to accommodate plaintiffs' desire to pursue local discovery not common to the other actions.

■■ There is an additional reason favoring transfer of this action. In an action previously transferred by the Panel to the Northern District of California for coordinated or consolidated pretrial proceedings, plaintiffs' request to represent a class of 7-Eleven franchisees in a limited geographical area was denied by the transferee court. Plaintiffs in *Cohen* also seek to represent a class of 7-Eleven franchisees in a specified geographical area and it appears that plaintiffs' opposition to transfer centers upon their dissatisfaction with the class action ruling of the transferee court. We have frequently held that the possibility for conflicting class action determinations is an important factor favoring transfer of an action under Section 1407. *See, e. g.*, In re Texas Gulf Sulphur Securities Litigation, 344 F.Supp. 1398 (J.P.M.L.1972). And we have also held that the prospect of an unfavorable ruling by the transferee court or the possibility that another district judge may be more favorably disposed to a litigant's contentions are clearly not factors considered by the

Panel in determining whether transfer under Section 1407 is appropriate. In re Texas Gulf Sulphur Securities Litigation, *supra* at 1400. *See also* In re Motion Picture "Standard Accessories" and "Pre-Vues" Antitrust Litigation, 339 F. Supp. 1278, 1280 (J.P.M.L.1972).

It is therefore ordered that the action Morris and Dora Cohen, et al. v. The Southland Corporation, E.D.Pa., Civil Action No. C.A. 72–1771, be, and the same hereby is, transferred to the Northern District of California under 28 U.S. C. § 1407 and, with the consent of that court, assigned to the Honorable Robert H. Schnacke for coordinated or consolidated pretrial proceedings with the actions pending in that district.