**In re PUBLIC AIR TRAVEL
TARIFF LITIGATION.
No. 121.**

Judicial Panel on Multidistrict Litigation.
July 3, 1973.

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM *, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III *, and STANLEY A. WEIGEL, Judges of the Panel.

## OPINION AND ORDER

PER CURIAM.

This litigation consists of five actions in four different districts.[1] In each action it is alleged that the defendant airlines have violated federal tariff regulations by overcharging for fares to domestic passengers who fly between two points in the United States for which no single joint fare has been published by the airlines. Plaintiffs in each action purport to represent a class of all passengers who have been subject to such alleged overcharges. Plaintiffs in the actions pending in the Central District of California move the Panel for an order transferring all actions to a single district for coordinated or consolidated pretrial proceedings. We find that for the convenience of the parties and witnesses and the just and efficient conduct of the litigation these purported class actions must be consolidated pursuant to 28 U.S.C. § 1407 in the Central District of California for pretrial proceedings.

Each of the actions involves the appropriate method of computing air fares in situations where travel between two points within the United States requires transportation on two or more airlines and no joint fares have been published by the participating airlines. In many cases where it is necessary to take connecting flights of two or more airlines to reach a destination, the airlines involved have published joint fares which establish a single charge between origin and destination along a particular routing. If there is no joint fare published for interline travel, however, a fare must be constructed pursuant to rules set forth in the tariffs filed by the airlines with the Civil Aeronautics Board (CAB). It is Tariff Rule 85 that is in issue in each of these actions.

In support of their motion the movants rely almost exclusively on the fact that overlapping and conflicting class allegations are asserted. They also argue that, in addition to the class action question, there are other preliminary legal questions common to each action which should be decided by a single judge; for example, whether the CAB has exclusive jurisdiction over this matter, whether Rule 40(b) of the CAB's rules is a condition precedent to these suits, the appropriate period of limitations applicable to these actions and the availability of punitive damages.

Defendants oppose the motion before the Panel on the ground that these actions present insufficient common questions of fact to warrant transfer under Section 1407. They argue that the ques-

---

\* Although Judges Wisdom and Lord were unable to attend the Panel hearing, they have, with the consent of all parties, participated in this decision.

1. At the time of the Panel hearing to consider the motion to transfer the actions in this litigation to a single district pursuant to 28 U.S.C. § 1407, an additional action was pending in the Southern District of Florida, Donald L. Pevsner v. Eastern Airlines, Inc., Civil Action No. 72–601–CIV–NCR. Prior to the filing of the Panel's decision, however, the Florida district court entered an order dismissing that action.

tion of whether the airlines violated Tariff Rule 85 in constructing the fares is a legal one and will not involve discovery of common facts since each claim is based on the purchase of separate airline tickets, involving different routings between different cities. Defendants also argue that each claim must be examined separately to determine if certain factors which may render Tariff Rule 85 inapplicable are present. In essence, they assert that the question of liability as well as the question of damages in these cases will require individual proof from each plaintiff and prospective class member.

We have consistently held that the possibility for conflicting class determinations under Rule 23 of the Federal Rules is an important factor favoring transfer. *See, e. g.,* In re Texas Gulf Sulphur Securities Litigation, 344 F.Supp. 1398, 1400 (J.P.M.L.1972); In re Career Academy Antitrust Litigation, 342 F. Supp. 753, 754 (J.P.M.L.1972). And it is clear to us from a reading of the complaints filed in each of these actions that there is a real danger of conflicting class determinations unless these actions are consolidated under Section 1407 for coordinated or consolidated pretrial proceedings. In addition, it may be necessary for a discovery schedule to be established in order to provide a basis for the determination of the class action issue. *See,* Manual for Complex Litigation, Part I, § 1.40 (1973 rev. ed.). Since each action contains similar Rule 23 class allegations, such discovery would be common to each action and could best be pursued if coordinated under the supervision of a single judge. Furthermore, there are some tariff practices common to each of these actions which will, it appears, involve discovery applicable to each plaintiff's claim and transfer of these actions to a single district will insure that duplication of that discovery is avoided.

There is an additional reason favoring consolidation of this particular litigation under Section 1407. Pursuant to 28 U.S. C. § 292(b), the Chief Judge of the Ninth

Circuit has designated Judge Ray McNichols of the District of Idaho to sit in the Northern, Eastern and Central Districts of California and has assigned to him, for all purposes, the actions in those districts that are a part of this litigation. Thus, four of the five actions in this litigation are already under the supervision of a single judge. And Judge McNichols will unquestionably be faced with problems relating to discovery, class action determinations and other pretrial motions already raised or likely to be raised in the action pending in the Western District of Pennsylvania. Transfer of the Pennsylvania action to Judge McNichols for coordinated or consolidated pretrial proceedings, therefore, will enhance the efficient utilization of judicial time and resources and will promote the just and expeditious conduct of the litigation.

Although movants urge that the Northern District of California be selected as the transferee district, we find that the Central District of California is the most appropriate forum for this litigation. There are two actions pending in that district and they are more advanced than the others in the areas of discovery and pretrial. In addition, the majority of the defendant airlines named in the other four actions are already parties to the actions pending in the Central District and they favor that district as the transferee forum. Furthermore, the statistics of the Administrative Office of the United States Courts indicate that the civil docket calendar for the Central District of California is significantly more current than that for the Northern District. In 1972 Annual Report of the Director, Administrative Office of the United States Courts, Table C–10 at A–39.

It is therefore ordered that all actions on the attached Schedule A be, and the same hereby are, transferred to the Central District of California and, with the consent of that court, assigned to the Honorable Ray McNichols, sitting by designation, for coordinated or consoli-

dated pretrial proceedings pursuant to 28 U.S.C. § 1407 with the actions pending in that district and listed on Schedule A.

## SCHEDULE A

### Eastern District of California

| | |
|---|---|
| H. L. Proaps v. Hughes Air Corp., et al. | Civil Action No. S2428 |

### Western District of Pennsylvania

| | |
|---|---|
| Donald A. Klein v. American Airlines, Inc., et al. | Civil Action No. 72–698 |

### Central District of California

| | |
|---|---|
| Ronald J. Kinsling, et al. v. Delta Air Lines, Inc., et al. | Civil Action No. 72–1045–EC |
| Ronald J. Kinsling, et al. v. Trans World Airlines, et al. | Civil Action No. 72–1217–EC |

### Northern District of California

| | |
|---|---|
| Greggar Sletteland v. United Airlines | Civil Action No. C–72–2120–SW |