### In re GLENN W. TURNER ENTER-PRISES LITIGATION.

### No. 109.

Judicial Panel on Multidistrict Litigation.

Dec. 26, 1973.

### OPINION AND ORDER

Before ALFRED P. MURRAH *, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFIELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL *, Judges of the Panel.

PER CURIAM.

The Panel previously transferred the actions in the above-captioned litigation to the Western District of Pennsylvania and, with the consent of that court, assigned the actions to the Honorable Gerald J. Weber for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. In re Glenn W. Turner Enterprises Litigation, 355 F.Supp. 1402 (Jud.Pan.Mult.Lit.1972). Certain plaintiffs' attorneys in these actions move the Panel for retransfer of this litigation to an alternative district and/or reassignment to a different judge for further coordinated or consolidated pretrial proceedings under Section 1407.

---

* Although Judges MURRAH and WEIGEL were not present at the hearing, they have, with the consent of all parties, participated in this decision.

 It is clear that movants are dissatisfied with the course of the coordinated or consolidated pretrial proceedings in this litigation. But the Panel is not vested with authority to review decisions of district courts, whether they are transferor or transferee courts. *See* In re Motion Pictures "Standard Accessories" and "Pre-Vues" Antitrust Litigation, 339 F.Supp. 1278, 1280 (Jud.Pan. Mult.Lit.1972); and In re Plumbing Fixtures Litigation, 332 F.Supp. 1047, 1048 (Jud.Pan.Mult.Lit.1971). Also, the prospect of an unfavorable ruling by the transferee court or the possibility that another district judge may be more favorably disposed to a litigant's contention is clearly not a factor considered by the Panel in exercising its discretion under Section 1407. *See* In re Texas Gulf Sulphur Securities Litigation, 344 F. Supp. 1398, 1400 (Jud.Pan.Mult.Lit. 1972). Furthermore, there is nothing in the record before us which convinces us that retransfer of these actions would accomplish the objectives of Section 1407.

It is therefore ordered that the motion for retransfer and/or reassignment of the Glenn W. Turner Enterprises Litigation be, and the same hereby is, denied.