**In re GLENN W. TURNER ENTER-PRISES LITIGATION.**

**No. 109.**

Judicial Panel on Multidistrict Litigation.

Oct. 16, 1974.

Before ALFRED P. MURRAH, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

OPINION AND ORDER

PER CURIAM.

The Panel previously transferred all actions involving defendants Dare To Be Great, Inc., Koscot Interplanetary, Inc. and Glenn Turner Enterprises, Inc., to the Western District of Pennsylvania and, with the consent of that court, assigned them to the Honorable Gerald J. Weber for coordinated or consolidated pretrial proceedings pursuant to 28 U.S. C. § 1407.[1] Those defendants move the Panel for an order transferring the additional actions listed on Schedule A to the Western District of Pennsylvania pursuant to Section 1407.[2] Several of the plaintiffs and one defendant bank oppose transfer of their respective actions. We find that the actions listed on Schedule A raise questions of fact common to the actions previously transferred to the Western District of Pennsylvania and that their transfer to that district for coordinated or consolidated pretrial proceedings will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.[3]

*I. Plaintiffs Opposed to Transfer*

All the plaintiffs opposing transfer purchased distributorship interests

---

1. In re Glenn W. Turner Enterprises Litigation, 355 F.Supp. 1402 (Jud.Pan.Mult.Lit. 1973).

2. The Panel also issued an order to show cause why the action entitled Securities & Exchange Commission v. Koscot Interplanetary, Inc., et al., N.D.Ga., 365 F.Supp. 588, should not also be transferred to the Western District of Pennsylvania under Section 1407. A trial on the merits was completed prior to the Panel hearing and, thus, the

question of transfer of that action under Section 1407 is moot.

3. In order to expedite the pretrial processing of this litigation, we previously entered a brief order transferring these actions to the Western District of Pennsylvania for coordinated or consolidated pretrial proceedings under 28 U.S.C. § 1407. This per curiam opinion embodies the reasons for our decision.

in either the Dare To Be Great or Koscot schemes organized and promoted through Glenn Turner Enterprises. They argue that the transactions that form the bases for their causes of action are individual in nature, completely distinct from each other and took place in localities far from Pennsylvania. They foresee little benefit to be gained by transfer and contend that they will be greatly inconvenienced if they are forced to litigate their claims in the distant transferee forum.

These tag-along actions and all the actions previously transferred under Section 1407 to the Western District of Pennsylvania contain similar allegations of an illegal pyramid sales scheme involving the Dare To Be Great and Koscot enterprises. Pursuit of the discovery of the underlying facts necessary to support such allegations will be common to all the actions. A Section 1407 transfer of these tag-along actions will ensure that duplication of that discovery and unnecessary inconvenience to the parties and witnesses are avoided.

In addition, the transferee court has declared a class action consisting of all persons who purchased distributorship interests in the alleged fraudulent schemes. These plaintiffs apparently are members of that class and, unless they timely exercise their option to be excluded from the class, they will become bound by any final judgment entered by the transferee court. Also, counsel for the class representative has informed us that a proposed settlement of the class action involving all claims against defendant is being negotiated, subject, of course, to the transferee court's approval. If it develops, however, that the proposed settlement is not consummated or that certain class members opt-out and pursue their causes of action individually, the discovery common to all actions will have to be initiated and will be expedited under the supervision of a single judge. Thus, at this stage we foresee many advantages that will redound to the benefit of plaintiffs if their actions are transferred and placed under the control of the transferee judge.

## II. *Defendant Bank Opposed to Transfer*

■ Central Penn National Bank is the only defendant in the *Smith* action pending in the Eastern District of Pennsylvania.[4] Plaintiff purports to represent a class of purchasers of distributorships in the alleged fraudulent pyramid sales schemes of Dare To Be Great, Koscot, and Glenn W. Turner Enterprises. Plaintiff alleges that the defendant bank played an intimate part in those schemes by arranging easy financing for prospective purchasers and recommending and endorsing the purchases of distributorships as being good investments, when the bank knew or should have known that these were illegal securities being sold in an illegal pyramid scheme.

Defendant opposes transfer on the ground that it is not a defendant in any of the other actions in the litigation and that the discovery involved against it will have nothing in common with the discovery supervised by the transferee court.

Two factors weigh heavily in favor of transfer of this action to the Western District of Pennsylvania. One is the proposed settlement of the class action litigation in the transferee district. All of the purported members of the class alleged in the *Smith* action are members of the class in the transferee district on whose behalf a settlement has been negotiated, subject to approval by the transferee court. It is unclear to us whether the proposed settlement includes a settlement of plaintiff's claims against the Central Penn Bank. This question as well as the propriety of allowing the *Smith* action to proceed as a class action can best be resolved by the transferee judge.

The second factor favoring transfer of this action is the nature of the charging allegations in the Smith complaint. If

4. Gregory Smith v. Central Penn National Bank, E.D.Pa. Civil Action No. 72–2056.

the proposed settlement does not affect plaintiff Smith's claims against the bank, plaintiff's discovery will necessarily encompass many of the same facts underlying the Dare To Be Great and Koscot schemes that are involved in the other actions in this litigation. The extent to which a discovery schedule focusing solely on Central Penn's alleged involvement can be coordinated with the common discovery is, of course, within the transferee judge's discretion. And when the transferee judge deems remand of the *Smith* action to the Eastern District of Pennsylvania appropriate, he can so advise the Panel and a timely order will be entered. *See* Rule 15, RPJPML, 53 F.R.D. 119, as amended 55 F.R.D. LI (1972).

It is therefore ordered that all actions listed on the attached Schedule A pending in districts other than the Western District of Pennsylvania be, and the same hereby are, transferred to the Western District of Pennsylvania and, with the consent of that court, assigned to the Honorable Gerald J. Weber for coordinated or consolidated pretrial proceedings, pursuant to 28 U.S.C. § 1407, with the actions in the above-captioned litigation that are already pending in that district.

### SCHEDULE A

#### Western District of Pennsylvania

| | |
|---|---|
| Gary L. King, et al. v. Dare to be Great, Inc., et al. (D.Ore., CA No. 72–840) | Civil Action No. 73–618 |
| Gladys T. Burnelle v. Dare to be Great, Inc., et al. (D.Ore., CA No. 72–420) | Civil Action No. 73–619 |
| Roger Dean Casey v. Koscot Interplanetary, Inc., et al. (D.Ore., CA No. 72–607) | Civil Action No. 73–620 |
| Jerry McNorton v. Dare to be Great, Inc., et al. (S.D.Ala., CA No. 7408–72–H) | Civil Action No. 73–621 |
| Virgil A. Fitzgerald v. Dare to be Great, Inc., et al. (S.D.Ala., CA No. 7210–72–H) | Civil Action No. 73–622 |
| Herbert C. Kearley v. Dare to be Great, Inc., et al. (S.D.Ala., CA No. 7407–72–H) | Civil Action No. 73–623 |
| Marc Harding v. Dare to be Great, Inc., et al. (S.D.Ala., CA No. 7406–72–H) | Civil Action No. 73–624 |
| J. Michael O'Bryan v. Dare to be Great, Inc., et al. (S.D.Ala., CA No. 7405–72–H) | Civil Action No. 73–625 |
| Harlan Cotton v. Dare to be Great, et al. (S.D.Ala., CA No. 7454–72–H) | Civil Action No. 73–626 |
| Richard W. Isler v. Dare to be Great, Inc., et al. (S.D.Ala., CA No. 7453–72–H) | Civil Action No. 73–627 |
| Michael G. Northcutt v. Dare to be Great, Inc. (N.D.Ala., CA No. 72–767) | Civil Action No. 73–628 |
| James E. Randall, et al. v. Dare to be Great, Inc., et al. (N.D.Ala., CA No. 72–750) | Civil Action No. 73–629 |
| Bruce E. Wilson, et al. v. Glenn W. Turner, et al. (M.D.Fla., CA No. 72–602–Civ.) | Civil Action No. 73–630 |
| Gailey Beck, etc. v. Dare to be Great, Inc., et al. (N.D.Ga., CA No. 17139) | Civil Action No. 73–631 |
| John A. Chestnutt, etc. v. Koscot Interplanetary, Inc., et al. (N.D. Ga., CA No. 17209) | Civil Action No. 73–632 |
| Elmo B. Shearouse, et al. v. Glenn W. Turner, et al. (S.D.Ga., CA No. 3001) | Civil Action No. 73–633 |
| Maggie Kennebrew, et al. v. Dare to be Great, Inc., et al. (N.D.Ohio, CA No. C72–925) | Civil Action No. 73–634 |
| James A. Huggins, et al. v. Koscot Interplanetary, Inc., et al. (S.D. Ohio, CA No. 4360) | Civil Action No. 73–635 |
| Dominic Simms, et al. v. Glenn W. Turner, et al. (W.D.Ky., CA No. 7499–A) | Civil Action No. 73–636 |
| Arthur Reed Cafiero, et al. v. Glenn W. Turner Enterprises, Inc., et al. (E.D.La., CA No. 72–2556, Sec. B) | Civil Action No. 73–637 |
| Wally Young & Christian Schneider v. Koscot Interplanetary, Inc., et al. (D.Mass., CA No. 72–1918–F) | Civil Action No. 73–638 |
| Gerome S. Goldblatt v. Glenn W. Turner, et al. (S.D.N.Y., CA No. 72 Civ. 2823) | Civil Action No. 73–639 |
| Gregory Smith v. Central Penn National Bank (E.D.Pa., CA No. 72–2506) | Civil Action No. 73–640 |
| John Paul Leidy, et al. v. Glenn W. Turner, et al. (M.D.Pa., CA No. 72–391) | Civil Action No. 73–641 |
| George James Bennett, Sr. v. Glenn W. Turner, et al. (W.D.Texas., CA No. SA 72 CA 310) | Civil Action No. 73–643 |
| Peter A. Cannell, et al. v. Glenn W. Turner Enterprises, Inc., et al. (D.Utah, CA No. C–374–72) | Civil Action No. 73–644 |
| William E. Cohen, et al. v. Koscot Interplanetary, Inc. | Civil Action No. 71–975 |