## In re GLENN W. TURNER ENTERPRISES LITIGATION.

*Koscot Interplanetary, Inc. v. Theodore I. Koskoff et al.,* S.D. Florida, C.A. No. 79–1709–Civ.

### No. 109.

Judicial Panel on Multidistrict Litigation.

Sept. 11, 1979.

Before MURRAY I. GURFEIN, Chairman, and EDWIN A. ROBSON, STANLEY A. WEIGEL, ANDREW A. CAFFREY, ROY W. HARPER, and CHARLES R. WEINER, Judges of the Panel.

### OPINION AND ORDER

PER CURIAM.

The Panel previously centralized several actions in the above-captioned litigation in the Western District of Pennsylvania before the Honorable Gerald J. Weber for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407.[1] The centralized actions involve allegations that Dare to be Great, Inc. and Koscot Interplanetary, Inc. (Koscot), two subsidiaries of Glenn W. Turner Enterprises, Inc., violated the federal securities laws by engaging in pyramidal marketing schemes. Many of the actions in the transferee district were brought as class actions by persons who allegedly were victims of these schemes.

The action now before us (*Koskoff*) was filed by Koscot in April, 1979, in Florida state court and was subsequently removed to the federal court in the Southern District of Florida. Defendants are an attorney (Koskoff), his partners, and his law firm, who previously represented some of the defendants in the actions in the transferee district. Koscot alleges that it delivered to Koskoff the total sum of $300,000 to be retained by Koskoff and his co-defendants in an escrow account pending the outcome of a proposed settlement in the actions in the transferee district. According to Koscot, if the court did not approve that proposed settlement, then the money was to be returned to Koscot. Koscot further alleges that the settlement was not approved, that Koskoff kept $75,000 of the $300,000, and that he improperly diverted the balance, which after accumulating interest totaled $244,531.84. Koscot claims that Koskoff's conduct was a breach of fiduciary duty,

1. *In re Glenn W. Turner Enterprises Litigation,* 355 F.Supp. 1402 (Jud. Pan.Mult.Lit.1973), 383 F.Supp. 844 (Jud.Pan.Mult.Lit.1974).

constituted conversion, breached the escrow agreement, and violated the public policy of the State of Florida. Koscot seeks compensatory damages in the amount of $300,000 and punitive damages in an amount to be determined by the trier of fact.

Koskoff responds that he exercised an attorney's lien under Connecticut law for legal fees owed him. He further states that he believed that the remainder of the $300,000 belonged to Glenn W. Turner Enterprises, Inc. Because others, including Koscot and class representatives in the transferee district, claimed entitlement to that money, Koskoff, pursuant to an order entered by Judge Weber on March 22, 1974, deposited the remaining $244,531.84 with the Clerk of Court for the Western District of Pennsylvania.

Koscot made a limited appearance in the Western District of Pennsylvania to claim recovery of the money deposited with the Clerk of Court by Koskoff. A hearing was held concerning the proper disposition of this money on December 29, 1974, before Judge Weber. No ruling has yet resulted from that hearing and the money continues to be in the custody of the Clerk of Court.

Defendants in *Koskoff* move the Panel, pursuant to 28 U.S.C. § 1407, to transfer *Koskoff* to the Western District of Pennsylvania for coordinated or consolidated pretrial proceedings with the actions previously transferred there. Class representatives in a class action pending in the transferee district support transfer of *Koskoff*. Koscot opposes transfer.

We find that *Koskoff* shares questions of fact with the actions previously transferred to the Western District of Pennsylvania and that transfer of *Koskoff* to that district will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation.

In opposing transfer, Koscot argues that *Koskoff* involves alleged malfeasance of attorneys, whereas the actions in the Western District of Pennsylvania involve alleged vio-

lations of federal and state securities laws. Koscot thus urges that no questions of fact are shared by *Koskoff* and the actions in the transferee district. Furthermore, Koscot contends that no activity of any kind has transpired in the previously transferred actions for over three years. Koscot argues that the litigation in the transferee district is no longer viable for lack of any proceedings there, and for the additional reason that the claims in the transferee district against Koscot were probably discharged when Koscot invoked the federal bankruptcy laws in July, 1973.

We are not persuaded by these arguments. The presence of differing legal theories in *Koskoff* and the actions in the transferee district does not negate the existence of common questions of fact concerning who is entitled to the money originally transmitted to Koskoff. *See In re Air Crash Disaster in the Ionian Sea on September 8, 1974*, 438 F.Supp. 932, 934 (Jud.Pan.Mult.Lit.1977). Indeed, most of that money is now under the custody of the transferee district, the transferee court already has held at least one hearing[2] on a petition by Koscot to recover that money, and movants represent that all possible claimants to the money are already before the transferee court. Transfer under Section 1407 is thus necessary in order to avoid duplicative discovery, prevent inconsistent pretrial rulings, conserve judicial resources, and ensure the cooperation of all parties and counsel. We note that the transferee judge has the authority to invoke procedures whereby discovery already completed in the transferee district and relevant to *Koskoff* may be made applicable to *Koskoff*. *See Manual for Complex Litigation*, Parts I and II, § 3.11 (rev. ed. 1977). And, of course, discovery on any issues unique to *Koskoff* may be scheduled by the transferee judge to proceed concurrently with the undertaking of any common pretrial matters. *See In re Republic National-Realty Equities Securities Litigation*, 382 F.Supp. 1403, 1405–06 (Jud.Pan.Mult.Lit.1974).

2. Plaintiffs in the transferee district represented at oral argument before us that the trans-

feree court has held two other hearings on issues common to those raised in *Koskoff*.

Finally, we note that 46 actions remain pending in the transferee district and that pretrial proceedings are continuing there. The effect that federal bankruptcy proceedings may have had on the conduct of claims raised against Koscot in the transferee district presumably would be either irrelevant to *Koskoff* or would otherwise similarly affect *Koskoff* regardless of the district in which *Koskoff* was pending.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the action entitled *Koscot Interplanetary, Inc. v. Theodore I. Koskoff*, S.D. Florida, Civil Action No. 79–1709–Civ., be, and the same hereby is, transferred to the Western District of Pennsylvania and, with the consent of that court, assigned to the Honorable Gerald J. Weber for coordinated or consolidated pretrial proceedings with the actions in this litigation which are already pending in that district.

