In re **HOLIDAY MAGIC SECURITIES AND ANTITRUST LITIGATION.**

*Loretta Bohaty v. Holiday Magic, Inc., et al.,* N.D. Illinois, Civil Action No. 73C 2031.

*Leonard Fredrick v. Holiday Magic, Inc., et al.,* S.D. New York, Civil Action No. 73 Civ. 1411.

**No. 124.**

Judicial Panel on Multidistrict Litigation.

March 18, 1974.

Before ALFRED P. MURRAH*, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A ROBSON, WILLIAM, H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL*, Judges of the Panel.

OPINION AND ORDER

PER CURIAM.

The Panel previously transferred all actions in this litigation to the Northern District of California and, with the consent of that court, assigned them to the Honorable Lloyd H. Burke for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. In re Holiday Magic Securities & Antitrust Litigation, 368 F.Supp. 806, Jud.Pan. Mult.Lit. (1973). Since the above-captioned actions appeared to involve factual issues common to the previously transferred actions, the Panel issued an order conditionally transferring them to the Northern District of California. Both plaintiffs oppose transfer. We find that these actions raise questions of fact common to the actions previously transferred to the Northern District of California and that their transfer for coordinated or consolidated pretrial proceedings will best serve the convenience of the parties and witnesses and pro-

---

* Although Judges Murrah and Weigel were unable to attend the Panel hearing, they have, with the consent of all parties, participated in this decision.

mote the just and efficient conduct of the litigation.

██ Both plaintiffs contest transfer on the ground that it would impose an extreme financial hardship upon them. Plaintiff Bohaty stresses that she cannot afford to transport witnesses from Illinois to California while plaintiff Fredrick, who is represented by *pro bono* counsel in New York, stresses that he cannot afford to hire California counsel.

These arguments are not persuasive. Like the actions previously transferred in this litigation, both the *Bohaty* and *Fredrick* actions allege that defendants' activities concerning Holiday Magic's multilevel sales and distribution system were fraudulent and in violation of either the federal securities or antitrust laws. Thus, common questions of fact are prevalent and transfer is necessary to prevent needless duplication of discovery.

Plaintiff Bohaty's concern about the cost of transporting witnesses is unwarranted because a witness is usually deposed at or near his place of residence. *See* Fed.R.Civ.P. 45(d)(2). Moreover, a Section 1407 transfer is for pretrial proceedings only. Trial of the action will still occur in Illinois.

██ We recognize plaintiff Fredrick's concern regarding payment of attorneys' fees, but we nonetheless find that the criteria for transfer of his action under Section 1407 are clearly satisfied. And we must deny plaintiff's alternative request to condition the transfer order on the appointment of *pro bono* liaison counsel to represent him in the transferee district. Such a request is beyond the scope of power conferred upon the Panel by Section 1407 and is a matter more properly presented to the transferee judge.

It is therefore ordered that the actions entitled Loretta Bohaty v. Holiday Magic, Inc., et al., N.D.Illinois, Civil Action No. 73C 2031 and Leonard Fredrick v. Holiday Magic, Inc., et al., S.D.New York, Civil Action No. 73 Civ. 1411 be, and the same hereby are, transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Lloyd H. Burke for coordinated or consolidated pretrial proceedings with the actions in the above-captioned litigation which are already pending in that district.