### In re HOLIDAY MAGIC SECURITIES AND ANTITRUST LITIGATION.

*James J. Ward, et al. v. Holiday Magic, Inc., et al.,* N.D.Illinois, Civil Action No. 73 C 2523.

*Donald Bridgeman, et al. v. Holiday Magic, Inc., et al.,* D. D.C., Civil Action No. 2233–73.

*Teresa Thomas, et al. v. Holiday Magic, Inc., et al.,* D. Puerto Rico, Civil Action No. 2233–73

**No. 124.**

Judicial Panel on Multidistrict Litigation.

April 29, 1974.

Opinion May 13, 1974.

As Corrected May 17, 1974.

### ORDER

Pursuant to 28 U.S.C. §§ 1407, the Panel previously transferred several actions in the above-captioned litigation to the Northern District of California and, with the consent of that court, assigned them to the Honorable Lloyd H. Burke for coordinated or consolidated pretrial proceedings with certain similar actions already pending in that district. In re Holiday Magic Securities & Antitrust Litigation, 368 F.Supp. 806 (Jud.Pan. Mult.Lit., December 27, 1973 and 372 F.Supp. 1167 (Jud.Pan.Mult.Lit., filed March 18, 1974). Since the above-captioned actions appeared to raise factual issues common to the actions in the transferee district, the Panel ordered the parties to show cause why these actions should not also be transferred under Section 1407 to the Northern District of California. On the basis of the complaints, the briefs submitted and the hearing held in the *Ward* action,[1] we

**1.** The parties to the *Bridgeman* and *Thomas* actions waived their right to oral argument

find that all three actions raise questions of fact common to the other actions in this litigation and that transfer of the above-captioned actions to the Northern District of California under Section 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

It is ordered that, pursuant to 28 U.S.C. § 1407, the actions entitled Ward et al. v. Holiday Magic, Inc., et al., N.D.Illinois, Civil Action No. 73 C 2523; Donald Bridgeman, et al. v. Holiday Magic, Inc., et al., D.D.C., Civil Action No. 2233–73 and Teresa Thomas et al. v. Holiday Magic, Inc., et al., D.Puerto Rico, Civil Action No. 347–73 be, and the same hereby are, transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Lloyd H. Burke for coordinated or consolidated pretrial proceedings with the actions in the above-captioned litigation which are already pending in that district.

A full opinion and order will be filed hereafter.

## OPINION AND ORDER

Before ALFRED P. MURRAH[*], Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

### PER CURIAM.

The Panel previously transferred all actions in this litigation to the Northern District of California and, with the consent of that court, assigned them to the Honorable Lloyd H. Burke for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. In re Holiday Magic Securities & Antitrust Litigation, 368 F.Supp. 806 (Jud.Pan. Mult.Lit.1973) and 372 F.Supp. 1167 (Jud.Pan.Mult.Lit.1974). Since the above-captioned actions appeared to involve factual issues common to the previously transferred actions, the Panel ordered the parties to show cause why these actions should not also be transferred under Section 1407 to the Northern District of California.[1] Plaintiffs in each of the actions and certain defendants in the Ward action oppose transfer. We find that all three actions raise questions of fact common to the actions previously transferred to the Northern District of California and that their transfer to that district for coordinated or consolidated pretrial proceedings will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

A brief summary of the status of the litigation in the transferee district will be helpful. Pursuant to Rule 23(b)(3), Judge Burke has tentatively established a class composed of:

> " . . . all individuals or entities who are citizens or residents of the United States, its possessions or protectorates, including Puerto Rico, who entered into or purchased any master distributorship, general distributorship, or their equivalent agreements, or purchased any of the common stock or other unregistered, non-exempt securities of Holiday Magic, . . . and who suffered monetary damage as a result thereof."

In re Consolidated Pre-Trial Proceedings in Holiday Magic Cases, MDL–124–LHB (N.D.Cal., filed March 26, 1974). There has recently been a proposed settlement which encompasses all members of that class and the required notice of the proposed settlement has been mailed to them.

and, at their request, the question of transfer of these actions under 28 U.S.C. § 1407 was submitted on the briefs.

[*] Although Judge Murrah was unable to attend the Panel hearing in the Ward action, he has, with the consent of all parties, participated in this decision.

[1] The parties to the Bridgeman and Thomas actions waived their right to oral argument and, at their request, the question of transfer of these actions under 28 U.S.C. § 1407 was submitted on the briefs.

## I. *Transfer of the Ward Action*

Plaintiffs in this action allege that defendants violated the federal securities laws in connection with certain transactions involving various types of Holiday Magic securities, such as stocks and beneficial interests in trusts. They purport to represent a class of all persons who acquired those securities.

The parties opposing transfer argue that the *Ward* action does not share factual issues common to the actions pending in the transferee district because the latter involve the sale of Holiday Magic distributorships while the former involves the sale of traditional securities. In addition, plaintiffs contest transfer because they were not included in the discussions which culminated in the proposed settlement offer.

Clearly, plaintiffs are embraced by Judge Burke's class determination which consists of both purchasers of Holiday Magic distributorships and purchasers of various types of Holiday Magic securities. Thus, the need to prevent the possibility of overlapping class determinations is a compelling reason favoring transfer of the *Ward* action to the Northern District of California. *See* In re Equity Funding Corporation of America Securities Litigation, 1378 F. Supp. rev. 139 (Jud.Pan.Mult.Lit., filed February 1, 1974).

Furthermore, we do not perceive any prejudice to plaintiffs by virtue of their nonparticipation in the settlement negotiations. All class members, including plaintiffs, will have an opportunity to voice any objections to the proposed settlement before final approval is granted. And, of course, plaintiffs have the right to opt-out pursuant to Rule 23 of the Federal Rules of Civil Procedure.

It is also clear that *Ward* and the actions pending in the transferee district share common questions of fact concerning Holiday Magic's multilevel marketing scheme. If plaintiffs decide to opt-out of the class and pursue their claims individually, or if the court disapproves the proposed settlement, Judge Burke's familiarity with the complex issues in this litigation will expedite the pretrial processing of those claims and eliminate the possibility of any duplicative discovery.

## II. *Transfer of the Bridgeman Action*

The *Bridgeman* action was originally filed in the Superior Court for the District of Columbia and later removed to the United States District Court for the District of the District of Columbia. Plaintiffs' complaint against Holiday Magic, Inc. and a related company consists of six counts relating to Holiday Magic's multilevel marketing system: fraud, rescission, conversion, breach of contract, unjust enrichment and illegality under local law. Plaintiffs purport to represent a class of all distributors of Holiday Magic products.

Plaintiffs argue that the *Bridgeman* action is strictly a local matter which shares insignificant common factual issues with the rest of the litigation. They point out that, unlike the actions already pending in the transferee district, the complaint in this action does not contain allegations arising under either the federal antitrust or securities laws. Plaintiffs also maintain that they would be unduly inconvenienced if their action were transferred to California.

It is not unusual for plaintiffs in multidistrict litigation to base their claims for relief on different legal theories. But it is the facts underlying those theories which we must look to in making our determination under Section 1407. In light of the factual and class allegations in *Bridgeman*, we find that our reasons for transferring the *Ward* action are equally applicable here and outweigh whatever inconveniences, if any, might befall the plaintiffs.

## III. *Transfer of the Thomas Action*

The *Thomas* action was filed in the District of Puerto Rico against Holiday Magic and others. Plaintiffs in this action allege that defendants' activities in connection with Holiday Magic's multilevel marketing scheme constitute violations of the federal securities laws. They purport to represent a class of all persons in Puerto Rico and the United

States Virgin Islands who purchased Holiday Magic distributorships.

Plaintiffs contend that, in view of their limited financial means, transfer would be inconvenient and unjust. We disagree. The *Thomas* plaintiffs are members of the class determined by Judge Burke and their allegations of securities laws violations are identical to those asserted in the actions pending in the transferee district. Our reasons for transferring the *Ward* and *Bridgeman* actions compel similar disposition of this action.

It is therefore ordered that, pursuant to 28 U.S.C. § 1407, the actions entitled James J. Ward et al. v. Holiday Magic, Inc., et al., N.D.Illinois, Civil Action No. 73C2523; Donald Bridgeman et al. v. Holiday Magic, Inc., et al., D.D.C., Civil Action No. 2233–73; and Teresa Thomas, et al. v. Holiday Magic, Inc., et al., D.Puerto Rico, Civil Action No. 347–73 be, and the same hereby are, transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Lloyd H. Burke for coordinated or consolidated pretrial proceedings with the actions in the above-captioned litigation which are already pending in that district.