In re **HOLIDAY MAGIC SECURITIES AND ANTITRUST LITIGATION.**

*Donald Manigault v. Mind Dynamics, Inc., et al.,* S.D. New York, Civil Action No. 74 Civ. 899.

**No. 124.**

Judicial Panel on Mutidistrict Litigation.

Dec. 2, 1974.

## OPINION AND ORDER

PER CURIAM.

The Panel has previously transferred all actions in this litigation to the Northern District of California and, with the consent of that court, assigned them to the Honorable Lloyd H. Burke for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. In re Holiday Magic Securities & Antitrust Litigation, 368 F.Supp. 806 (Jud.Pan.Mult.Lit.1973); 372 F.Supp. 1167 (Jud.Pan.Mult.Lit.1974); 375 F. Supp. 1400 (Jud.Pan.Mult.Lit.1974). Since the above-captioned action appeared to involve factual issues common to the previously transferred actions, the Panel ordered the parties to show cause why it should not also be transferred under Section 1407 to the Northern District of California.[1] The plaintiff opposes transfer. We find that this action raises questions of fact common to the actions previously transferred to the Northern District of California and that its transfer to that district for coordinated or consolidated pretrial proceedings will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

The *Manigault* action was recently filed in the Southern District of New York against four corporations and six individuals. Plaintiff alleges, *inter alia*, that defendants violated the antifraud provisions of the federal securities laws in connection with the sale of certain securities.

Meanwhile, a partial class action settlement has been approved by the transferee court. The class is defined in part as:

> . . . all individuals or entities who are citizens or residents of the United States . . . who . . . purchased any of the common stock or other unregistered, nonexempt securities of . . . U.S. Universal, Inc., . . . Mind Dynamics, Inc., and any of the domestic or foreign affiliates or domestic or foreign subsidiaries of any of said corporations, . . . and who suffered monetary damage thereof. In re Consolidated Pre-Trial Proceedings in Holiday Magic Cases, MDL–124–LHB (N.D.Cal., filed March 26, 1974).

Plaintiff Manigault is a member of the settling class and did not choose to opt-out. Also, all of the corporate defendants and one of the individual defendants in the *Manigault* action are parties to the settlement. Appeals from the settlement judgment are currently pending before the Court of Appeals for the Ninth Circuit.

Plaintiff Manigault concedes that if the settlement is affirmed and his claim is allowed, he will presumably be forced to drop his action against the settling

---

1. The parties to the above-captioned action waived their right to oral argument and, at their request, the question of transfer of this action pursuant to 28 U.S.C. § 1407 was submitted on the briefs.

defendants. Plaintiff is silent, however, on the possible ramifications of a non-affirmation of the settlement. Nevertheless, plaintiff argues that the *Manigault* action does not share common questions of fact with the previously transferred actions because *Manigault* arises from oral statements by individual defendants unique to that action. In addition, plaintiff maintains that transfer would be inconvenient to the parties and witnesses and so burdensomely expensive that he would most likely discontinue his action.

Clearly, the *Manigault* action is based on the same alleged fraudulent activity that is involved in some of the actions already before the transferee court. Therefore, if the settlement judgment is not affirmed on appeal, transfer of this action will prevent both unnecessary duplication of discovery and inconsistent pretrial rulings concerning the common factual issues. Any unique factual issues can be handled by the transferee court as well. And if the settlement judgment is affirmed on appeal, the transferee judge is unquestionably in the best position to determine the effect of the settlement on the present action. *See* In re Four Seasons Securities Litigation, 373 F.Supp. 975, 976 (Jud.Pan. Mult.Lit.1974).

Furthermore, it is unlikely that plaintiff or his witnesses will experience any additional inconvenience or expense by a Section 1407 transfer. In fact, plaintiff may discover an overall net savings when all the parties to the litigation are taken into account.

It is therefore ordered that the action entitled Manigault v. Mind Dynamics, Inc., et al., S.D. New York, Civil Action No. 74 Civ. 899, be, and the same hereby is, transferred to the Northern District of California and, with the consent of that court, assigned to the Honorable Lloyd H. Burke for coordinated or consolidated pretrial proceedings with the actions in the above-captioned litigation which are already pending in that district.