## In re IBM PERIPHERAL EDP DEVICES ANTITRUST LITIGATION.

*Sanders Associates, Inc., et al. v. IBM,*
*N. D. California, Civil Action No.*
*C74–1449–RM*

No. 163.

Judicial Panel on Multidistrict Litigation.

Jan. 22, 1976.

### OPINION AND ORDER

Before ALFRED P. MURRAH *, Chairman, and JOHN MINOR WISDOM, EDWARD WEINFELD, EDWIN A. ROBSON *, WILLIAM H. BECKER, JOSEPH S. LORD, III, and STANLEY A. WEIGEL, Judges of the Panel.

PER CURIAM.

On May 5, 1975, the Panel granted the motion of defendant IBM and transferred the *Sanders* action from the District of New Hampshire to the Northern District of California for inclusion in the coordinated or consolidated pretrial proceedings pending before Chief Judge Ray McNichols, sitting by designation, in that district. *In re IBM Peripheral EDP Devices Antitrust Litigation,* 394 F.Supp. 796 (Jud.Pan.Mult.Lit.1975). Although we recognized certain factual dissimilarities between *Sanders* and the previously transferred actions arising from the different products involved, we nonetheless felt compelled to transfer it because of our conclusion that the principal factual commonality amongst all the actions, including *Sanders,* rests on the reality that all plaintiffs market IBM-compatible devices, which depend for their success upon their ability to function technologically with the IBM central processing unit at an economically competitive price. *Id.* at 797.

Thus transferred, Sanders, IBM, plaintiffs in the previously transferred actions and the transferee judge confronted the problem of accommodating the needs of

---

* Judges Murrah and Robson were unable to attend the Panel hearing and, therefore, took no part in the consideration or decision of this matter.

the parties to *Sanders* while at the same time insuring the continued expeditious processing of the other actions in the litigation. The problem of tailoring an orderly pretrial schedule meeting those objectives was compounded by the uniqueness of certain aspects of *Sanders* and the pre-existing discovery to which Sanders was not a party.

Although the transferee judge ordered all parties to cooperate in Sanders' attempt to "catch up" on the prior discovery, as well as its effort to participate in ongoing discovery, Sanders confronted a real or merely perceived inability to obtain materials previously produced by IBM and to efficiently participate in the continuing discovery program. Sanders therefore moved the transferee judge for an order compelling production of previously produced materials from either side and, until it could acquaint itself with that material, to be excused from participation in any depositions which might occur in the interim.

Judge McNichols granted Sanders' request to be excused from the deposition program to the extent that Sanders would be permitted to depose witnesses a second time on issues unique to its action. Sanders nonetheless pressed its continued objection to inclusion in the ongoing discovery program arguing that the coordinated review of documents produced by IBM failed to take into account the uniqueness of *Sanders,* thus requiring duplication of effort on its part.

Judge McNichols thereafter concluded that the continued presence of *Sanders* in the MDL–163 proceedings would needlessly retard the progress of the other actions in the litigation. Pursuant to Rule 11(c)(ii), R.P.J.P.M.L., 65 F.R.D. 253, 261 (1975), he filed a notice of suggestion of remand with the Panel regarding the *Sanders* action. In his notice, Judge McNichols recommends that the Panel remand *Sanders* to the District of New Hampshire for the following reasons:

"The California cases, subject to the earlier assignment by the Panel, have progressed to the point where tentative trial dates have been scheduled. Availability of discovery from similar prior well-publicized litigations wherein IBM was also defendant together with monumental efforts by counsel have moved the discovery in the California cases with dispatch.

"For these reasons, the inclusion of *Sanders* for coordination and pretrial proceedings comes at a relatively late date in the progress of the originally transferred cases. Continued inclusion will be inefficient, awkward and will tend to interfere with the scheduling for trial and trials of the California cases.

"In the view of the transferee judge, the ends of justice, both as to the Sanders parties and the California parties, will best be served by remanding the *Sanders* case to the District of New Hampshire."

Following receipt of the notice of suggestion of remand from Judge McNichols, the Panel entered an order directing all interested parties to show cause why *Sanders* should not be remanded to the District of New Hampshire. Prior to our hearing on the order to show cause, IBM requested that Judge McNichols withdraw his suggestion of remand. Oral argument on IBM's motion was held before Judge McNichols in Los Angeles on September 19, 1975. The motion to withdraw the suggestion of remand was denied and, as a result, the matter remained properly before us at our hearing in Los Angeles on September 26, 1975.

Sanders and most of the plaintiffs in the previously transferred action favor remand, urging the Panel to follow Judge McNichols' suggestion. IBM opposes remand and maintains that the reasons expressed by the Panel in its opinion and order transferring *Sanders* still warrant its retention in the transferee district.

The arguments of the parties differ drastically in their assessment of the factual circumstances giving rise to the suggestion of remand. We are reluctant to

resolve these factual disputes in the circumstances of this particular litigation by placing blame on a particular party for the inability to harmoniously weave *Sanders* into the coordinated or consolidated pretrial proceedings.

We are, however, clearly cognizant of the special vantage point that the transferee judge has with respect to the conduct of Section 1407 proceedings.[1] In his supervisory role, he is in a unique position to determine how the litigation can best proceed to insure the maximum efficiency for all parties and the judiciary.

28 U.S.C. § 1407(a) provides that each action transferred by the Panel "shall be remanded by the [P]anel at or before the conclusion of such [coordinated or consolidated] pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated." The statute does not, however, provide definitive guidelines for the determination of the question of remand prior to the completion of pretrial proceedings.

In the absence of such guidelines, we have in the past stated that we would place great weight on the transferee judge's determination that remand of a particular action at a particular time was proper. *See In re Multidistrict Civil Actions Involving the Air Crash Disaster Near Dayton, Ohio, on March 9, 1967,* 386 F.Supp. 908, 909 (Jud.Pan.Mult.Lit. 1975). *See also In re Midwest Milk Monopolization Litigation,* 386 F.Supp. 1401, 1403 (Jud.Pan.Mult.Lit.1975); *In re Four Seasons Securities Laws Litigation,* 361 F.Supp. 636, 638 (Jud.Pan.Mult.Lit.1973). Judge McNichols' suggestion that remand of *Sanders* is proper coupled with the exceptional circumstances of this particular litigation compels us to adopt his recommendation and remand *Sanders*.

It is therefore ordered that the action entitled *Sanders Associates, Inc., et al. v. IBM,* N.D.California, Civil Action No. C74–1449–RM, be, and the same hereby is, remanded to the District of New Hampshire.

1. All the actions that were included in the original opinion and order establishing centralized pretrial proceedings in this litigation, *In re IBM Peripheral EDP Devices Antitrust Litigation,* 375 F.Supp. 1376 (Jud.Pan.Mult.Lit.1974), were commenced in districts within the Ninth Circuit. The Chief Judge of that circuit has taken measures to assign those actions to Judge McNichols for trial as well as pretrial.