## In re HOLIDAY MAGIC SECURITIES AND ANTITRUST LITIGATION.

*James J. Ward, et al. v. Holiday Magic, Inc., et al., N. D. California, Civil Action No. C–74–1067–LHB*

### No. 124.

Judicial Panel on Multidistrict Litigation.

July 6, 1977.

Before JOHN MINOR WISDOM, Chairman, and EDWARD WEINFELD, EDWIN A. ROBSON, WILLIAM H. BECKER*, JOSEPH S. LORD, III*, STANLEY A. WEIGEL, and ANDREW A. CAFFREY, Judges of the Panel.

### OPINION AND ORDER

PER CURIAM.

The Panel previously transferred all actions in this litigation to the Northern District of California and, with the consent of that court, assigned them to the Honorable Lloyd H. Burke for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *In re Holiday Magic Securities and Antitrust Litigation,* 368 F.Supp. 806 (Jud.Pan.Mult.Lit.1973); 372 F.Supp. 1167 (Jud.Pan.Mult.Lit.1974); 375 F.Supp. 1400 (Jud.Pan.Mult.Lit.1974); 384 F.Supp. 1403 (Jud.Pan.Mult.Lit.1974). Plaintiffs in the *Ward* action have moved the Panel for an order remanding *Ward* to its transferor court, the Northern District of Illinois. Several defendants in *Ward* oppose remand.

* Judges Becker and Lord took no part in the consideration or decision of this matter.

In March 1974, Judge Burke established a class composed of all persons who had purchased Holiday Magic distributorships or securities of any of the Holiday Magic companies. Two months later, Judge Burke approved a settlement between certain corporate, estate, trust and individual defendants and all members of that class.[1] The *Ward* plaintiffs had opted out of the settling class and currently are prosecuting their action solely against defendants not included in the settlement.

Although in actions other than *Ward* several non-settling claims are still pending before Judge Burke, according to the parties' statements in the record before us there has been little or no activity regarding these claims because of, *inter alia,* the appeal of the class settlement. In addition, the Holiday Magic companies are involved in bankruptcy proceedings in the Northern District of California, and all actions against those companies have been stayed by order of the bankruptcy court.

Plaintiffs in *Ward* concede that there has been only limited discovery in *Ward* and that pretrial proceedings are not complete in that action. Nevertheless, they argue, remand is appropriate at this time because *Ward* is the only action in this litigation actively being prosecuted in the transferee district. These plaintiffs also maintain that they will be prejudiced by continued participation in pretrial proceedings in the transferee district because of certain pretrial rulings made by Judge Burke.[2]

The Panel's Rules of Procedure provide that the Panel shall consider the question of remand on the motion of any party, on the suggestion of the transferee court or on the Panel's own initiative. Rule 11(c), R.P.J.P. M.L., 65 F.R.D. 253, 261 (1975). In considering the question of remand, the Panel has consistently given great weight to the transferee judge's determination that remand of a particular action at a particular time is appropriate because the transferee judge, after all, supervises the day-to-day pretrial proceedings. *See, e. g., In re IBM Peripheral EDP Devices Antitrust Litigation,* 407 F.Supp. 254, 256 (Jud.Pan.Mult. Lit.1976). The transferee judge's notice of suggestion of remand to the Panel is obviously an indication that he perceives his role under Section 1407 to have ended. *In re Air Crash Disaster Near Dayton, Ohio, on March 9, 1967,* 386 F.Supp. 908, 909 (Jud.Pan.Mult.Lit.1975). Absent a notice of suggestion of remand from the transferee judge to the Panel, any party advocating remand before the Panel bears a strong burden of persuasion. We rule that movants have not met this burden here and that the motion for remand is premature. Judge Burke has become thoroughly familiar with the issues in this entire litigation and is in the best position to determine the future course of *Ward* and the non-settling claims in other actions in the transferee district in relation to each other, in relation to the recently affirmed class action settlement, and in relation to the bankruptcy proceedings.

Plaintiffs' apparent dissatisfaction with some of Judge Burke's pretrial rulings is clearly not a factor to be taken into consideration by the Panel in exercising its discretion under Section 1407. The Panel has neither the statutory authority nor the inclination to review decisions of district courts, whether they are transferor or transferee courts. See *In re Molinaro/Catanzaro Patent Litigation,* 402 F.Supp. 1404, 1406 (Jud.Pan.Mult.Lit.1975); *In re Glenn W. Turner Enterprises Litigation,* 368 F.Supp. 805, 806 (Jud.Pan.Mult.Lit.1973).

1. Plaintiffs in *Ward,* as well as the defendants in one other action, appealed the court-approved class action settlement to the United States Court of Appeals for the Ninth Circuit. The *Ward* plaintiffs subsequently withdrew their appeal, and in the other appeal the Court of Appeals for the Ninth Circuit recently affirmed the settlement. *Marshall v. Holiday Magic, Inc.,* 550 F.2d 1173 (9th Cir. 1977).

2. Judge Burke has ruled that some named plaintiffs in *Ward,* residents of Illinois, must give their depositions in the Northern District of California. In addition, Judge Burke denied without prejudice the *Ward* plaintiffs' motion for leave to file a second amended complaint which sought to change certain allegations to conform to discovery and to narrow the class on whose behalf *Ward* is brought.

IT IS THEREFORE ORDERED that the motion for remand of the action entitled *James J. Ward, et al. v. Holiday Magic, Inc., et al.,* N.D.California, Civil Action No. C–74–1067–LHB, to the Northern District of Illinois pursuant to 28 U.S.C. § 1407 be, and the same hereby is, DENIED.