## In re AIR CRASH DISASTER IN the IONIAN SEA ON SEPTEMBER 8, 1974.

*Billy Wallace, etc. v. Trans World Airlines, Inc., et al.,* S.D. New York, Civil Action No. 76–CV–1104.

### No. 229.

Judicial Panel on Multidistrict Litigation.

Sept. 22, 1977.

## OPINION AND ORDER

Before JOHN MINOR WISDOM, Chairman, and EDWARD WEINFELD, EDWIN A. ROBSON, JOSEPH S. LORD, III, STANLEY A. WEIGEL, ANDREW A. CAFFREY, and ROY W. HARPER, Judges of the Panel.

PER CURIAM.

This litigation arose as the result of the crash of a Trans World Airlines, Inc. (TWA) aircraft in the Ionian Sea on September 8, 1974. Pursuant to 28 U.S.C. § 1407, the Panel previously transferred several actions in this litigation to the Southern District of New York and, with the consent of that court, assigned them to the Honorable Marvin E. Frankel for coordinated or consolidated pretrial proceedings with related actions already pending there. *See, e. g., In re Air Crash Disaster in the Ionian Sea on September 8, 1974*, 407 F.Supp. 238 (Jud.Pan.Mult.Lit.1976). The above-captioned action (*Wallace*) was transferred from the Eastern District of California to the Southern District of New York pursuant to an unopposed conditional transfer order that was filed by the Panel on February 11, 1976, and became final fifteen days later. *See* Rule 9, R.P.J.P. M.L., 65 F.R.D. 258, 259 (1975). Plaintiff in *Wallace* has moved the Panel for an order remanding the claims in *Wallace* against The Boeing Company (Boeing) to the Eastern District of California, or in the alternative, retransferring those claims to the Northern District of California.[1] Boeing

---

1. Technically, plaintiff's alternative request is for remand of the claims against Boeing in *Wallace* to the Northern District of California. While the Panel can only remand those claims to the *Wallace* transferor court, the Eastern District of California, the Panel has, on one occasion, upon a showing of unique circumstances, retransferred an entire multidistrict docket. We are therefore viewing plaintiff's alternative request in its most favorable light by treating it as a request for retransfer. *Compare In re Delta Airlines, Inc. Flight Attendant Weight Standards Litigation*, 411 F.Supp. 795, 797 (Jud.Pan.Mult.Lit.1976) *with In re Petrole-*

opposes the motion. We find that the motion for remand is premature and that the alternative request is without merit.[2]

Plaintiff's main arguments in favor of remand are that only two actions remain active in the transferee district involving claims against Boeing, that both those actions were originally filed in California federal courts, that discovery is no longer being undertaken against Boeing by any plaintiff's counsel in any other actions in the transferee district, and that the products liability claims against Boeing pertaining to the design and manufacture of the aircraft share no factual issues with the claims against co-defendant TWA of negligence and willful misconduct regarding security measures. Boeing, on the other hand, disagrees with plaintiff's representations and, *inter alia*, asserts that at least three of the eight actions in the transferee district involving Boeing remain active, including the *Egan* action that was commenced in the Southern District of New York.

██ The Panel has often recognized the significance of the transferee judge's view, as the firsthand judicial observer, that the just and efficient conduct of an action or claim involved in a transferee district under Section 1407 can best be furthered by remand of the affected action or claim. *See, e. g., In re IBM Peripheral EDP Devices Antitrust Litigation,* 407 F.Supp. 254, 256 (Jud.Pan.Mult.Lit.1976). We have thus held that absent a notice of suggestion of remand from the transferee judge to the Panel, any party advocating remand before the Panel bears a strong burden of persuasion. *In re Holiday Magic Securities and Antitrust Litigation,* 433 F.Supp. 1125, 1126–1127 (Jud.Pan.Mult.Lit., filed July 6, 1977) (slip opinion at 3–4). We rule that movant has not met this burden and we deny the motion for remand as premature. Furthermore, in the past we have been extremely reluctant to order retransfer, *see In re Petroleum Products Antitrust Litigation, supra,* 419 F.Supp. at 718–20, and we find no basis for retransfer here.

██ We emphasize that Judge Frankel is in the best position to discern, and recommend to us, whether the claims against Boeing in the *Wallace* action are ripe for remand, especially because the opponent of remand disputes the accuracy of movant's representations concerning the state of the proceedings in the transferee district. Moreover, we note, as we observed in our initial opinion and order in this litigation, that the presence of differing legal theories in some of the actions with regard to the alleged liability of TWA, Boeing and the four individual defendants does not negate the existence of common questions of fact regarding the cause of the crash and the attendant circumstances. *In re Air Crash Disaster in the Ionian Sea on September 8, 1974, supra,* 407 F.Supp. at 240.

IT IS THEREFORE ORDERED that the motion for remand or retransfer pursuant to 28 U.S.C. § 1407 of the claims against Boeing in the action entitled *Billy Wallace, etc. v. Trans World Airlines, Inc., et al.,* Southern District of New York, Civil Action No. 76–CV–1104, be, and the same hereby is, DENIED.

---

*um Products Antitrust Litigation,* 419 F.Supp. 712, 718–20 (Jud.Pan.Mult.Lit.1976).

**2.** Both movant and Boeing waived their right to oral argument and, accordingly, this matter was submitted for decision on the briefs. *See* Rule 14, R.P.J.P.M.L., *supra,* 65 F.R.D. at 264.