**In re AMERICAN AIRLINES, INC.,
Flight 869 Turbulence Incident
on January 17, 1996**

**Jane Felix v. American Airlines, Inc.,
S.D. Florida, C.A. No. 1:97–2316.
(D.V.I., C.A. No. 1:97–20)**

**Patricia Simmons, et al. v. American
Airlines, Inc., et al., S.D. Florida, C.A.
No. 1:97–2317 (D.V.I., C.A. No. 1:96–76)**

**Nos. MDL–1173.**

Judicial Panel on Multidistrict Litigation.

Aug. 17, 2001.

Before Wm. Terrell HODGES, Chairman, John F. KEENAN, Morey L. SEAR, Bruce M. SELYA,* Julia Smith GIBBONS, D. Lowell JENSEN and J. Frederick MOTZ, Judges of the Panel.

### REMAND ORDER

HODGES, Chairman.

Presently before the Panel is a motion, pursuant to Rule 7.6, R.P.J.P.M.L., 199 F.R.D. 425, 436–38 (2001), by defendant American Airlines, Inc., to vacate the Panel's order dated March 29, 2001, conditionally remanding two actions from the Southern District of Florida to the District of Virgin Islands, their transferor court. Plaintiffs in both actions oppose the motion to vacate and favor remand of the actions.

On the basis of the papers filed and hearing session held, the Panel finds that remand of these actions is appropriate. The following quotation from an earlier Panel opinion is very instructive:

> The Panel's Rules of Procedure provide that the Panel shall consider the question of remand on the motion of any party, on the suggestion of the transferee court or on the Panel's own initiative. Rule [7.6(c) ], R.P.J.P.M.L., [199] F.R.D. [425, 437 (2001) ]. In considering the question of remand, the Panel has consistently given great weight to the transferee judge's determination that remand of a particular action at a particular time is appropriate because the transferee judge, after all, supervises the day-to-day pretrial proceedings. *See, e.g., In re IBM Peripheral EDP Devices Antitrust Litigation,* 407 F.Supp. 254, 256 (J.P.M.L.1976). The transferee judge's notice of suggestion of remand to the Panel is obviously an indication that he perceives his role under Section 1407 to

have ended. *In re Air Crash Disaster Near Dayton, Ohio, on March 9, 1967,* 386 F.Supp. 908, 909 (J.P.M.L.1975). *In re Holiday Magic Securities and Antitrust Litigation,* 433 F.Supp. 1125, 1126 (J.P.M.L.1977).

In the matter now before us, the transferee judge has advised the Panel that he believes that he has completed his task under Section 1407 as transferee judge with respect to the two actions, and, accordingly, he has suggested that remand of these actions be effected. Moving defendant argues that this suggestion was based upon the mistaken assumption that only these two actions from the same transferor court remained pending in this litigation when, in fact, there were three actions filed in two different districts pending at that time. The defendant points to a recent action that was reassigned to the transferee judge after he issued his suggestion of remand. We note, however, that his suggestion of remand remains in effect. Accordingly, we adopt his suggestion and order remand.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the two actions are remanded from the Southern District of Florida to the District of Virgin Islands.