162 F.Supp.2d 694 (2001)
In re AIR CRASH NEAR NANTUCKET ISLAND, Massachusetts, on October 31, 1999
Faith Freeman, et al.
v.
EgyptAir, Inc, E.D. New York, C.A. No. 1:01-173 (C.D.California, C.A. No. 2:00-11685)
Amira Mansour, etc.
v.
EgyptAir, Inc. E.D. New York, C.A. No. 1:01-174 (C.D.California, C.A. No. 2:00-11686)
Melvin Bowman, etc.
v.
EgyptAir, Inc., E.D. New York, C.A. 1:01-175 (C.D.California, C.A. No. 2:00-11687)
*695 Richard Seidman, etc.
v.
EgyptAir, E.D. New York, C.A. No. 1:01-176 (C.D.California, C.A. No. 2:00-11687)
Marilyn Yeager, et al.
v.
EgyptAir, Inc., E.D. New York, C.A. 1:01-179 (D. Colorado, C.A. No. 1:00-2147)
Susan Murray, et al.
v.
EgyptAir, Inc., E.D. New York, C.A. 1:00-3665 (E.D. Pennsylvania, C.A. No. 1:00-1266)
Susan Murray, et al.
v.
EgyptAir, Inc., E.D. New York, C.A. 1:01-1465 (E.D. Pennsylvania, C.A. No. 2:01-80)
No. 1344.
Judicial Panel on Multidistrict Litigation.
August 17, 2001.
Before Wm. Terrell HODGES, Chairman, John F. KEENAN, Morey L. SEAR, Bruce M. SELYA,[*] Julia Smith GIBBONS, D. Lowell JENSEN and J. Frederick MOTZ, Judges of the Panel.

ORDER DENYING REMAND
HODGES, Chairman.
This matter is before the Panel on plaintiffs' motion, pursuant to 28 U.S.C. § 1407(a) and Rule 7.6, R.P.J.P.M.L., 199 F.R.D. 425, 436-38 (2001), to remand these actions to their respective transferor courts. Sole defendant EgyptAir, Inc., opposes the motion.
On the basis of the papers filed and hearing session held, the Panel finds that remand of these seven actions is not appropriate at this time. The following quotation from an earlier Panel opinion is very instructive:
The Panel's Rules of Procedure provide that the Panel shall consider the question of remand on the motion of any party, on the suggestion of the transferee court or on the Panel's own initiative. Rule [7.6(c)], R.P.J.P.M.L., [199] F.R.D. [425, 437 (2001)]. In considering the question of remand, the Panel has consistently given great weight to the transferee judge's determination that remand of a particular action at a particular time is appropriate because the transferee judge, after all, supervises the day-to-day pretrial proceedings. See, e.g., In re IBM Peripheral EDP Devices Antitrust Litigation, 407 F.Supp. 254, 256 (J.P.M.L.1976). The transferee judge's notice of suggestion of remand to the Panel is obviously an indication that he perceives his role under Section 1407 to *696 have ended. In re Air Crash Disaster Near Dayton, Ohio, on March 9, 1967, 386 F.Supp. 908, 909 (J.P.M.L.1975). Absent a notice of suggestion of remand from the transferee judge to the Panel, any party advocating remand before the Panel bears a strong burden of persuasion. We rule that movants have not met this burden here and that the motion for remand is premature.
In re Holiday Magic Securities and Antitrust Litigation, 433 F.Supp. 1125, 1126 (J.P.M.L.1977).
In the matter now before us, plaintiffs sought, and the transferee judge so far has declined to issue, a suggestion of remand. Section 1407 proceedings are ongoing in the transferee district. Movants have failed to persuade us that remand has become appropriate in the absence of a suggestion from the transferee judge.
IT IS THEREFORE ORDERED that plaintiffs' motion to remand these seven actions to their transferor courts is denied.
NOTES
[*] Judge Selya did not participate in the decision of this matter.