**In re: COLUMBIA/HCA HEALTH-CARE CORP. QUI TAM LITIGATION (NO. II).**

**United States ex rel. Debra Hockett, M.D., et al. v. Columbia/HCA Healthcare Corp., et al., D. District of Columbia, C.A. No. 1:99–3311, (W.D.Virginia, C.A. No. 1:97–29).**

**MDL No. 1307.**

United States Judicial Panel on Multidistrict Litigation.

June 4, 2008.

(2001).

Before JOHN G. HEYBURN II, Chairman, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, JR., KATHRYN H. VRATIL, DAVID R. HANSEN, ANTHONY J. SCIRICA, Judges of the Panel.

## REMAND ORDER

JOHN G. HEYBURN II, Chairman:

**Before the entire Panel:** Defendants [1] move, pursuant to Rule 7.6(f), R.P.J.P.M.L., 199 F.R.D. 425, 438 (2001), to vacate our order, entered at the suggestion of the transferee court, conditionally remanding this action (*Hockett*) to the Western District of Virginia. Movants maintain that Section 1407 remand is premature. Responding plaintiff opposes the motion.

After considering all argument of counsel, we find that remand of *Hockett* is appropriate at this time. Whether Section 1407 remand is appropriate for an action in any particular multidistrict docket is based upon the totality of circumstances involved in that docket. The following quotation from our precedent is very instructive:

> The Panel's Rules of Procedure provide that the Panel shall consider the question of remand on the motion of any party, on the suggestion of the transferee court or on the Panel's own initiative. Rule [7.6(c)], R.P.J.P.M.L., [199] F.R.D. [425, 437 (2001)]. In considering the

question of remand, the Panel has consistently given great weight to the transferee judge's determination that remand of a particular action at a particular time is appropriate because the transferee judge, after all, supervises the day-to-day pretrial proceedings. *See, e.g., In re IBM Peripheral EDP Devices Antitrust Litigation*, 407 F.Supp. 254, 256 (J.P.M.L.1976). The transferee judge's notice of suggestion of remand to the Panel is obviously an indication that he perceives his role under Section 1407 to have ended. *In re Air Crash Disaster Near Dayton, Ohio, on March 9, 1967*, 386 F.Supp. 908, 909 (J.P.M.L.1975).

*In re Holiday Magic Securities and Antitrust Litigation*, 433 F.Supp. 1125, 1126 (J.P.M.L.1977).

In the matter now before us, the transferee judge has determined that he has completed his task under Section 1407 with regard to *Hockett*. We respect and adopt that conclusion and therefore will order remand. The parties can present any remaining matters to the Western District of Virginia transferor court.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is remanded from the District of District of Columbia to the Western District of Virginia.

---

1. Columbia/HCA Healthcare Corp. (HCA); Indian Path Hospital, Inc.; Superior Home Health of East Tennessee, Inc.; and Horizon Mental Health Management, Inc.