* Judge John G. Heyburn II took no part in the decision of this matter.

## IN RE: LIGHT CIGARETTES MARKETING AND SALES PRACTICES LITIGATION.

### MDL No. 2068.

United States Judicial Panel on Multidistrict Litigation.

April 16, 2012.

Before KATHRYN H. VRATIL, Acting Chairman, W. ROYAL FURGESON, JR., BARBARA S. JONES, PAUL J. BARBADORO, MARJORIE O. RENDELL, and CHARLES R. BREYER, Judges of the Panel.

### REMAND ORDER

KATHRYN H. VRATIL, Acting Chairman.

**Before the Panel:*** Pursuant to Rule 10.2, defendants Philip Morris USA Inc. (Philip Morris) and Altria Group, Inc. (Altria) move to vacate our order, entered at the suggestion of the transferee court,[1] conditionally remanding the actions listed on the attached Schedule A to their respective transferor courts. Plaintiffs in those actions oppose the motion.

In September 2009, we ordered centralization in this docket, finding that the subject actions "share[d] factual issues as to whether Philip Morris and/or Altria engaged in deceptive marketing of their light cigarettes and/or manipulated the design of those cigarettes to deliver more tar and nicotine when smoked than when tested by the government." *See In re: Light Ciga-*

---

1. *In re Light Cigarettes Mktg. Sales Practices Litig.,* 832 F.Supp.2d 74, 2011 WL 6151510 (D.Me. Dec. 12, 2011).

*rettes Mktg. & Sales Practices Litig.*, 652 F.Supp.2d 1379, 1380 (J.P.M.L.2009). We stated that centralization would "eliminate duplicative discovery, prevent inconsistent pretrial rulings (including with respect to class certification), and conserve the resources of the parties, their counsel and the judiciary." *Id.*

Following centralization in the District of Maine before the Honorable John A. Woodcock, Jr, each side agreed to submit two test (or "exemplar") cases for the judge to rule on whether the putative statewide class in each action should be certified. Plaintiffs selected actions involving putative California and Washington, D.C. classes, and defendants picked actions involving putative Illinois and Maine classes. In November 2010, the judge denied certification of all four classes. *See In re Light Cigarettes Mktg. Sales Practices Litig.*, 271 F.R.D. 402 (D.Me.2010). Thereafter, the judge ordered plaintiffs in the other MDL actions to notify him whether they intended to proceed with their actions and whether they objected to the extension of his class certification ruling to those actions. Plaintiffs in most actions elected to dismiss their actions, but plaintiffs in the four actions now before the Panel stated that they did so object, and moved for a suggestion of remand. After thorough briefing of the issue, the judge granted those motions and issued the suggestion. We then issued our conditional remand order.

In arguing that our order should be vacated, defendants point out that we stated in our initial order of centralization that the MDL would, *inter alia*, "prevent inconsistent pretrial rulings (including with respect to class certification)." *See* 652 F.Supp.2d at 1380. Accordingly, they contend, remand at this juncture will create the risk that the four transferor courts will decide the certification issue differently.

When we ordered centralization, however, the subject actions involved both putative nationwide and putative statewide classes. The four actions here, which are the only ones still pending in the MDL, are brought on behalf of non-overlapping putative statewide classes, and each involves only claims brought under the law of each plaintiff's respective state. *See In re Chrysler LLC 2.7 Liter V–6 Engine Oil Sludge Prods. Liab. Litig.*, 598 F.Supp.2d 1372, 1373 (J.P.M.L.2009) (ordering centralization of five putative statewide class actions involving five different states, but noting that the transferee judge might eventually determine that the just and efficient conduct of the actions would best be served "by suggesting ... that the Panel remand these actions to the transferor courts for class certification considerations").

Defendants also contend that ordering remand now would permit plaintiffs to "game the system." They argue, in other words, that if plaintiffs in future MDLs prevail on exemplar class certification rulings made by the respective transferee courts, they will seek to have those rulings applied to all pending and future related class actions, but, where certification is denied, plaintiffs in the non-exemplar cases will simply move for a suggestion of remand and thus seek a second bite of the apple before the transferor courts. The record demonstrates, however, that defendants fully raised this argument before Judge Woodcock, and his suggestion of remand shows that he carefully considered and rejected it. *See In re Light Cigarettes Mktg. Sales Practices Litig.*, 832 F.Supp.2d at 75–76, 2011 WL 6151510, at *2. We decline to second-guess that determination. *See In re Holiday Magic Sec. & Antitrust Litig.*, 433 F.Supp. 1125, 1126 (J.P.M.L.1977) ("In considering the question of remand, the Panel has consistently given great weight to the transferee

judge's determination that remand of a particular action at a particular time is appropriate because the transferee judge, after all, supervises the day-to-day pretrial proceedings."). As mentioned, only four actions remain pending in this MDL; each is brought on behalf of a unique putative statewide class; plaintiffs (in particular, the *Tang* and *Phillips* plaintiffs) have made reasonable arguments that the question of class certification in their actions implicates at least some unique legal issues; and it is undisputed that these plaintiffs never agreed to be bound by the judge's class certification ruling with respect to the exemplar actions. In these circumstances, defendants' argument cannot carry the day.[2]

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, these actions are remanded to their respective transferor courts as set forth in Schedule A.

### SCHEDULE A

**MDL No. 2068 — IN RE: LIGHT CIGARETTES MARKETING AND SALES PRACTICES LITIGATION**

*District of Maine*

*Bryan Cabbat v. Philip Morris USA, Inc.,* C.A. No. 1:10–00168

(D.Hawaii, C.A. No. 1:10–00162)

*Bryant Tang v. Philip Morris USA, Inc.,* C.A. No. 1:09–00431

---

2. Each multidistrict litigation is unique, and transferee judges have broad discretion to determine the course and scope of pretrial proceedings. *See In re Evergreen Valley Project Litig.,* 435 F.Supp. 923, 924 (J.P.M.L.1977) ("It is not contemplated that a Section 1407 transferee judge will necessarily complete all pretrial proceedings in all actions transferred and assigned to him by the Panel, but rather that the transferee judge in his discretion will conduct the common pretrial proceedings with respect to the actions and any additional

(E.D.New York, C.A. No. 1:08–05085)

*Eva Marie Phillips, et al. v. Philip Morris Companies, Inc., et al.,* C.A. No. 1:10–00381

(N.D.Ohio, C.A. No. 5:10–01741)

*Ljiljana Nikolic, et al. v. Philip Morris USA, Inc., et al.,* C.A. No. 1:09–00512

(E.D.Wisconsin, C.A. No. 2:09–00597)

pretrial proceedings as he deems otherwise appropriate."). Thus, in another MDL where only putative statewide classes are involved, the transferee judge may conclude, consistent with 28 U.S.C. § 1407(a), that the issue of class certification should be decided prior to remand.