**IN RE: WELLS FARGO INSPECTION FEE LITIGATION**

MDL No. 2681

United States Judicial Panel on Multidistrict Litigation.

Feb. 2, 2016

Before Sarah S. Vance, Chair, Marjorie O. Rendell, Lewis A. Kaplan, Ellen Segal Huvelle, R. David Proctor, Catherine D. Perry, Judges of the Panel.

**ORDER DENYING MOTION TO RECONSIDER**

Sarah S. Vance, Chair

**Before the Panel:** * *Pro se* plaintiff in a now-dismissed action in the District of Minnesota (*Njema*) moves the Panel to

* Judge Charles R. Breyer took no part in the decision of this matter.

reconsider the Panel Clerk's January 25, 2016, order deeming his motion for centralization moot because the litigation had lost its multidistrict character. This litigation previously consisted of *Njema* and a certified class action pending in the Southern District of Iowa (*Huyer*), both of which are listed on Schedule A. Defendants Wells Fargo & Co. and Wells Fargo Bank, N.A. (collectively Wells Fargo) and the Southern District of Iowa *Huyer* plaintiffs previously opposed the motion for centralization but have not responded to plaintiff's current request for reconsideration.

■■■■ On the basis of the papers filed and the hearing session held, we conclude that reconsideration of the Panel Clerk's mootness order is not warranted. Judge Patrick J. Schiltz dismissed plaintiff's action in the District of Minnesota without prejudice on January 25, 2016, for plaintiff's failure to submit pretrial documents after being granted multiple extensions of time. Plaintiff argues in support of reconsideration, *inter alia*, that Judge Schiltz's ruling was made in error, that the 14–day automatic stay of enforcement proceedings under Fed.R.Civ.P. 62(a) somehow does not moot his motion for centralization, and that he has moved to alter or amend the January 25 judgment entered in *Njema*. None of these arguments changes the fact that there is only one pending federal court action in this litigation. A minimum of two cases pending in two different districts is required for transfer under Section 1407. *See* 28 U.S.C. § 1407(a) ("When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings...."). Plaintiff's motion included only two actions in two districts, and dismissal of plaintiff's District of Minnesota action has deprived the litigation of its multidistrict character.

■■■ We decline plaintiff's invitation to second-guess Judge Schiltz's decision to dismiss *Njema*. "The Panel has neither the statutory authority nor the inclination to review decisions of district courts, whether they are transferor or transferee courts." *In re Holiday Magic Sec. & Antitrust Litig.*, 433 F.Supp. 1125, 1126 (J.P.M.L.1977). Additionally, we note that after plaintiff filed his motion for reconsideration, on January 27, 2016, Judge Schiltz denied plaintiff's motion to alter or amend the judgment, noting that plaintiff's "motion is based on dishonest factual assertions and frivolous legal arguments, and thus the motion is denied." *See Njema v. Wells Fargo*, D. Minn., C.A. 13–519, doc. 333 at 1.

IT IS THEREFORE ORDERED that the motion for reconsideration of the Clerk of the Panel's January 25, 2016, order deeming plaintiff's motion for centralization moot is denied. Because this litigation lacks multidistrict character, plaintiff's motion for centralization was properly deemed moot.

## SCHEDULE A

MDL No. 2681 — **IN RE: WELLS FARGO INSPECTION FEE LITIGATION**

*Southern District of Iowa*

*HUYER, ET AL. v. WELLS FARGO & CO., ET AL.*, C.A. No. 4:08–00507

*District of Minnesota*

*NJEMA v. WELLS FARGO BANK, N.A.*, C.A. No. 0:13–00519