**In re COMMERCIAL MONEY CENTER, INC., EQUIPMENT LEASE LITIGATION**

**No. 1490.**

Judicial Panel on Multidistrict Litigation.

Oct. 25, 2002.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, MOREY L. SEAR,* BRUCE M. SELYA,* JULIA SMITH GIBBONS, D. LOWELL JENSEN and J. FREDERICK MOTZ,* Judges of the Panel.

### TRANSFER ORDER

WILLIAM TERRELL HODGES, Chairman.

This litigation currently consists of the 23 actions listed on the attached Schedule A and pending in five districts as follows: eleven actions in the Northern District of Ohio, five actions each in the Southern District of California and the District of Nevada, and one action each in the District of New Jersey and the Northern District of Texas. All 23 actions are before the Panel pursuant to a Panel order, entered on July 30, 2002, to show cause why the actions should not be transferred to the Southern District of California, the District of Nevada, or some other federal district for coordinated or consolidated

* Judges Sear, Selya and Motz took no part in the decision of this matter.

pretrial proceedings pursuant to 28 U.S.C. § 1407.[1] Ten of these 23 actions, in which Royal Indemnity Co. (Royal) is a party, are also the subject of a July 23, 2002 motion by Royal, pursuant to 28 U.S.C. § 1407, seeking centralization of the ten actions in the Southern District of California or the District of Nevada. Among the multiple responding parties there is disagreement both over the question of Section 1407 centralization and the selection of the transferee district (the Northern District of Ohio is suggested as an additional transferee forum choice by some parties).

■ On the basis of the papers filed and hearing session held, the Panel finds that the 23 actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Northern District of Ohio will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions arise out of the same nucleus of operative facts pertaining to an alleged nationwide investment scheme to defraud investors in commercial equipment leases promoted by the now bankrupt Commercial Money Center, Inc. (CMC). In connection with these equipment lease transactions the various leases were submitted to a number of surety or insurance companies to obtain bonds or insurance policies designed to cover the credit risk of the lessees. CMC and/or CMC affiliates then allegedly pooled these equipment leases and sold them to institutional investors, some of which, in turn, financed the purchases through institutional lenders. Now at issue in all MDL–1490 actions (via direct claims, counter-claims or third-party claims) are issues involving the validity or continuing validity of the underlying leases and the enforceability of subject surety bonds or insurance policies. Questions regarding these issues remain common regardless of whether the claimant to the bond or insurance proceeds is an investor or a lender, and regardless of the identity of the particular surety or insurance company involved. Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

■ Given the range of locations of parties and witnesses in this docket and the geographic dispersal of constituent actions, it is clear that an array of suitable transferee districts presents itself. In concluding that the Northern District of Ohio is an appropriate forum for this docket, we note that the Ohio district, where almost half of the constituent actions are already pending, is an accessible, metropolitan district. Furthermore, centralization in the Ohio forum permits the Panel to assign this litigation to i) a court presently equipped with the resources that this complex docket is likely to require, and ii) an available transferee judge with prior, successful experience in the management of Section 1407 litigation.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending outside the Northern District of Ohio are hereby transferred to the Northern District of Ohio and, with the consent of that court, assigned to the Honorable Kathleen McDonald O'Malley for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

1. At the time of the Panel's order to show cause the last listed Southern District of California action was pending in the Southern District of Indiana, and the last listed District of Nevada action was pending in the North-ern District of Georgia. The involved Georgia and Indiana courts ordered venue transferred in those actions on July 29 and 30, 2002, respectively.

## SCHEDULE A

*MDL–1490—In re Commercial Money Center, Inc., Equipment Lease Litigation*

### Southern District of California

*RLI Insurance Co., et al. v. Commercial Money Center, Inc., et al.,* C.A. No. 3:02–192

*Royal Indemnity Co., Inc. v. Commercial Money Center, et al.,* C.A. No. 3:02–199

*American Motorists Insurance Co. v. Commercial Money Center, Inc., et al.,* C.A. No. 3:02–218

*Safeco Insurance Co. of America v. Commercial Money Center, Inc., et al.,* C.A. No. 3:02–308

*Ameriana Bank & Trust SB v. RLI Insurance Co.,* C.A. No. 3:02–1586

### District of Nevada

*Commercial Servicing Corp., et al. v. Ace INA Holdings, Inc., et al.,* C.A. No. 2:01–684

*Commercial Money Center, Inc., et al. v. Ace INA Holdings, Inc., et al.,* C.A. No. 2:01–685

*Anthony & Morgan Surety and Insurance Services Inc., et al. v. Ace American Insurance Co., et al.,* C.A. No. 2:02–416

*Citibank, N.A., et al. v. Illinois Union Insurance Co., et al.,* C.A. No. 2:02–589

*NetBank, FSB v. Commercial Money Center, Inc.,* et al., C.A. No. 2:02–1051

### District of New Jersey

*Lakeland Bank v. RLI Insurance Co., et al.,* C.A. No. 2:02–2557

### Northern District of Ohio

*Metropolitan Bank & Trust Co. v. Royal Indemnity Co.,* C.A. No. 1:02–570

*Sky Bank v. RLI Insurance Co.,* C.A. No. 1:02–774

*Bank One, N.A. v. Safeco Insurance Co. of America,* C.A. No. 1:02–876

*Second National Bank of Warren v. Illinois Union Insurance Co.,* C.A. No. 1:02–914

*Sky Bank v. Illinois Union Insurance Co.,* C.A. No. 1:02–915

*Huntington National Bank v. American Motorists Insurance Co., et al.,* C.A. No. 1:02–940

*Huntington National Bank v. Royal Indemnity Co.,* C.A. No. 1:02–1020

*Sky Bank v. Royal Indemnity Co.,* C.A. No. 1:02–1072

*First Merit Bank, N.A. v. Safeco Insurance Co. of America,* C.A. No. 1:02–1171

*Provident Bank v. Safeco Insurance Co. of America,* C.A. No. 1:02–1179

*Second National Bank of Warren v. Royal Indemnity Co.,* C.A. No. 1:02–1344

### Northern District of Texas

*Bluebonnet Savings Bank, FSB v. Royal Indemnity Co.,* C.A. No. 3:02–853