**In re ADELPHIA COMMUNICATIONS CORP. SECURITIES & DERIVATIVE LITIGATION (NO. II)**

**No. MDL–1529.**

Judicial Panel on Multidistrict Litigation.

July 23, 2003.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN, J. FREDERICK MOTZ and ROBERT L. MILLER, Jr., Judges of the Panel [*].

### TRANSFER ORDER

■ This litigation currently consists of the 46 actions pending as listed on the attached Schedule A. Defendant Deloitte & Touche LLP and nineteen financial institution defendants[1] renew their motion pursuant to 28 U.S.C. § 1407 for coordinated or consolidated pretrial proceedings of these actions. The moving defendants initially suggested the Eastern District of Pennsylvania as transferee district; however, in subsequent pleadings and at oral argument these defendants emphasized their desire for centralization in any district which the Panel deemed appropriate. Defendant Credit Suisse First Boston Corporation joins in the motion for transfer. Individual defendants John Rigas, Michael Rigas, Timothy Rigas, and James Rigas (collectively Rigas defendants) support the motion for transfer as does defendant Peter L. Venetis.[2]

Plaintiffs in the Western District of Pennsylvania action oppose transfer to the Eastern District of Pennsylvania and instead suggest centralization of all actions in the Western District of Pennsylvania. Plaintiffs in the other actions pending outside the Eastern District of Pennsylvania oppose the motion.[3] If the Panel orders centralization in this docket, then the plaintiffs in the Southern District and Western District of New York actions support transfer to the district in which their respective actions are pending. Plaintiff in the two Western District of New York actions specifically requests that the Panel

---

[*] Because more than three members of the Panel would be disqualified in this matter due to shareholdings in or benefits from one or more of the interested parties, all members of the Panel participated in this decision under the "rule of necessity" in order to provide the forum created by the governing statute, 28 U.S.C. § 1407. *See In re Wireless Telephone Radio Frequency Emissions Products Liability Litigation,* 170 F.Supp.2d 1356, 1357–58 (Jud. Pan.Mult.Lit.2001).

1. The nineteen financial institutions are: Salomon Smith Barney Inc.; Fleet Securities, Inc.; BMO Nesbitt Burns Corp.; Banc of America Securities LLC; BNY Capital Markets, Inc.; CIBC World Markets; Credit Lyonnais Securities (USA) Inc.; Scotia Capital (USA) Inc.; SG Cowen Securities Corporation; TD Securities (USA) Inc.; Barclay's Capital, Inc.; PNC Capital Markets, Inc.; Deutsche Bank Alex.Brown Inc.; J.P. Morgan Securities Inc.; ABN Amro Incorporated; Suntrust Equitable Securities; Morgan Stanley Dean Witter & Co.; Citibank, N.A.; and Citigroup, Inc.

2. In addition to the 46 actions before the Panel, movants have notified the Panel of two other related actions pending, respectively, in the District of New Jersey and the Western District of New York. Also, the Rigas defendants have notified the Panel of seven related actions, naming only the Rigas defendants, six of which are pending in the Eastern District of Pennsylvania and one of which is pending in the District of South Carolina. These actions and any other related actions will be treated as potential tag-along actions. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001).

3. Plaintiffs in the potential tag-along action in the District of South Carolina oppose transfer of their action on the grounds that it concerns a discrete transaction and does not involve common questions of fact with the actions before the Panel. This action was not included on the motion and thus is not subject to transfer at this time.

transfer only the individual actions pending outside the Eastern District of Pennsylvania to the Western District of New York, in the event the Panel orders transfer.

■ On the basis of the papers filed and hearing session held, the Panel finds that these 46 actions involve common questions of fact, and that centralization under Section 1407 in the Southern District of New York will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. All actions share factual questions arising out of alleged misrepresentations or omissions concerning the financial condition of Adelphia Communications Corporation (Adelphia). Centralization under Section 1407 is thus necessary in order to eliminate duplicative discovery; prevent inconsistent pretrial rulings, especially with respect to class certification; and conserve the resources of the parties, their counsel and the judiciary.

In ordering transfer under Section 1407, the Panel is not passing on the appropriateness of the stay order that is extant in the Eastern District of Pennsylvania actions involved in this litigation. Instead, we leave to the discretion of the transferee judge the best manner in which to proceed with this overall litigation in light of the petition for a writ of mandamus emanating from this stay that is currently pending in the Court of Appeals for the Third Circuit.

To the plaintiffs who argue against transfer of their respective actions on the basis of pending motions to remand to state court, we point out that such motions can be presented to and decided by the transferee court. *See, e.g., In re Ivy,* 901 F.2d 7 (2nd Cir.1990); *In re Prudential Insurance Company of America Sales Practices Litigation,* 170 F.Supp.2d 1346, 1347–48 (Jud.Pan.Mult.Lit.2001).

■ Although any of the suggested federal districts could be viewed as an appropriate forum for Section 1407 proceedings in this litigation, the Panel has decided to entrust this litigation to the Southern District of New York, in which proceedings related to the present litigation are pending. A civil enforcement proceeding brought by the Securities and Exchange Commission is pending in the Southern District of New York as are criminal proceedings against the individual defendants. Bankruptcy proceedings involving Adelphia are also pending in this district. We also note that this district i) provides a relatively convenient location, and ii) possesses the necessary resources to be able to devote the substantial time and effort to pretrial matters that this complex docket is likely to require.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending outside the Southern District of New York are transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Harold Baer, Jr., for coordinated or consolidated pretrial proceedings with the action listed on Schedule A and pending in that district.

### SCHEDULE A

*MDL–1529—In re Adelphia Communications Corp. Securities & Derivative Litigation (No. II)*

*Central District of California*

*Los Angeles County Employee Retirement Association v. John J. Rigas, et al.,* C.A. No. 2:02–9575

*Franklin Strategic Income Fund, et al. v. John J. Rigas, et al.,* C.A. No. 2:02–9578

*Southern District of New York*
*New York City Employees' Retirement System, et al. v. John J. Rigas, et al.,* C.A. No. 1:02–9804

*Western District of New York*

W.R. Huff Asset Management, Co., LLC., etc. v. Deloitte & Touche, LLP, et al., C.A. No. 1:02–417

W.R. Huff Asset Management, Co., LLC., etc. v. Deloitte & Touche, LLP, et al., C.A. No. 1:02–825

*Eastern District of Pennsylvania*

Joseph Stocke, et al. v. John J. Rigas., et al., C.A. No. 2:02–mc–312

In re Adelphia Communications Securities Litigation, C.A. No. 2:02–1781

Richard Gitter v. Adelphia Communications Corp., et al., C.A. No. 2:02–1790

TZ Micro Computing, Inc. v. Adelphia Communications Corp., et al., C.A. No. 2:02–1813

William J. Hattrick, Jr. v. Adelphia Communications Corp., et al., C.A. No. 2:02–1816

Alan Shulimson v. Adelphia Communications Corp., et al., C.A. No. 2:02–1819

Steven Rossow, etc. v. John Rigas, et al., C.A. No. 2:02–1831

Market Street Securities, Inc. v. Adelphia Communications Corp., et al., C.A. No. 2:02–1835

Israel Costa v. Adelphia Communications Corp., et al., C.A. No. 2:02–1839

Mark G. Epstein v. Adelphia Communications Corp., et al., C.A. No. 2:02–1871

Joanne Gold v. Adelphia Communications Corp., et al., C.A. No. 2:02–1878

Barry Goldman v. Adelphia Communications Corp., et al., C.A. No. 2:02–1893

John Fuller v. Adelphia Communications Corp., et al., C.A. No. 2:02–1987

Gerald J. Strekal, et al. v. John J. Rigas, et al., C.A. No. 2:02–2061

Crossway Partners, L.P. v. Adelphia Communications Corp., et al., C.A. No. 2:02–2087

Alan Garner, et al. v. Adelphia Communications Corp., et al., C.A. No. 2:02–2099

Mohammed Idries, etc. v. Pete J. Metros, et al., C.A. No. 2:02–2100

Lewis Thomas Hardin v. Adelphia Communications Corp., et al., C.A. No. 2:02–2112

Joseph E. Stocke, et al. v. John J. Rigas, et al., C.A. No. 2:02–2121

Ron Moore v. John J. Rigas, et al., C.A. No. 2:02–2136

VR Associates v. Adelphia Communications Corp., et al., C.A. No. 2:02–2238

Robert Morello v. Adelphia Communications Corp., et al., C.A. No. 2:02–2403

George B. Inabinet, et al. v. Adelphia Communications Corp., et al., C.A. No. 2:02–2416

Mead Ann Krim, etc. v. John J. Rigas, et al., C.A. No. 2:02–2600

Michael D'Asaro v. Adelphia Communications Corp., et al., C.A. No. 2:02–2618

Mariella A. Echeverri v. Pete J. Metros, et al., C.A. No. 2:02–2836

Thomas A. Kiefer v. Adelphia Communications Corp., et al., C.A. No. 2:02–3186

Richard Turrell v. Adelphia Communications Corp., et al., C.A. No. 2:02–3197

Harold Weiner v. John J. Rigas, et al., C.A. No. 2:02–3211

Charles Seebacher v. Adelphia Communications Corp., et al., C.A. No. 2:02–3264

Richard Burstein v. Adelphia Communications Corp., et al., C.A. No. 2:02–3273

Argent Classic Convertible Arbitrage Fund L.P., et al. v. Adelphia Communications Corp., et al., C.A. No. 2:02–3547

Philip Matovich v. Adelphia Communications Corp., et al., C.A. No. 2:02–3561

*Alvin Victor, et al. v. Adelphia Communications Corp., et al.,* C.A. No. 2:02–3659

*Scott Burnside v. John J. Rigas, et. al.,* C.A. No. 2:02–3769

*New York City Employees' Retirement System, et al. v. Adelphia Communications Corp., et al.,* C.A. No. 2:02–3778

*William D. Huhn, et al. v. John J. Rigas, et al.,* C.A. No. 2:02–4334

*Robert Lowinger v. John J. Rigas, et al.,* C.A. No. 2:02–6690

*Maude Eichel v. John. J. Rigas, et al.,* C.A. No. 2:02–7638

*Western District of Pennsylvania*
*Lee P. Bent, et al. v. John J. Rigas, et al.,* C.A. No. 2:02–2239

*Northern District of Texas*
*Elkmont Capital, Ltd. v. Deloitte & Touche, LLP, et al.,* C.A. No. 3:03–57