416 F.Supp.2d 1347 (2006)
In re MANAGED CARE LITIGATION
Darlery Franco, et al.
v.
Connecticut General Life Insurance Co., et al., S.D. Florida, C.A. No. 1:04-23187 (D. New Jersey, C.A. No. 2:04-1318)
No. 1334, C.A. 1:04-23187.
Judicial Panel on Multidistrict Litigation.
February 13, 2006.
*1348 Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, D. LOWELL JENSEN, J. FREDERICK MOTZ, ROBERT L. MILLER, Jr., KATHRYN H. VRATIL and DAVID R. HANSEN, Judges of the Panel.

REMAND ORDER
WM. TERRELL HODGES, Chairman.
This matter is before the Panel on defendants'[1] motions, pursuant to Rule 7.6, R.P.J.P.M.L., 199 F.R.D. 425, 436-38 (2001), to vacate the Panel's order conditionally remanding this action (Franco) to the District of New Jersey. The Franco plaintiffs oppose the motions to vacate and favor remand of Franco to the District of New Jersey.
On the basis of the papers filed and hearing session held, the Panel finds that remand of Franco is appropriate at this time. Under 28 U.S.C. § 1407, the Panel is obligated to remand a transferred action, like the one at bar,[2] at the conclusion of coordinated or consolidated pretrial proceedings unless it is then or previously terminated in the transferee district.[3] Whether Section 1407 remand is appropriate for an action in any particular multidistrict docket is based upon the totality of circumstances involved in that docket.
The Panel's Rules of Procedure provide that the Panel shall consider the question of remand on the motion of any party, on the suggestion of the transferee court or on the Panel's own initiative. Rule [7.6(c)], R.P.J.P.M.L., [199] F.R.D. [425, 437 (2001)]. In considering the question of remand, the Panel has consistently given great weight to the transferee judge's determination that remand of a particular action at a particular time is appropriate because the transferee judge, after all, supervises the day-today pretrial proceedings. See, e.g., In *1349 re IBM Peripheral EDP Devices Antitrust Litigation, 407 F.Supp. 254, 256 (Jud.Pan.Mult.Lit.1976). The transferee judge's notice of suggestion of remand to the Panel is obviously an indication that he perceives his role under Section 1407 to have ended. In re Air Crash Disaster Near Dayton, Ohio, on March 9, 1967, 386 F.Supp. 908, 909 (Jud.Pan. Mult.Lit.1975).
In re Holiday Magic Securities and Antitrust Litigation, 433, F.Supp. 1125, 1126 (Jud.Pan.Mult.Lit.1977).
In the matter now before us, the transferee judge has determined that Section 1407 remand of Franco is appropriate. We agree with this assessment.
Defendant NWA argues that hi light of NWA's filing of a voluntary petition of bankruptcy on September 14, 2005, the suggestion of remand in Franco and the Panel's conditional remand order should not apply to NWA. We disagree. Like Section 1407 transfer, Section 1407 remand does not affect the operation of the bankruptcy stay. Claims stayed in the transferee court remain stayed in the transferor court. The Panel is simply indicating the place where proceedings will occur when the stay is lifted. Any questions concerning the effect of the stay and any modification thereof are matters to be worked out by the involved courts and the parties.[4]
IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, this action is remanded from the Southern District of Florida to the District of New Jersey.
NOTES
[1] Connecticut General Life Insurance Co.; CIGNA Corp.; CIGNA Health Corp.; and Northwest Airlines, Inc. (NWA).
[2] Actions brought under Section 4C of the Clayton Act may be transferred by the Panel for trial as well as pretrial. 28 U.S.C. § 1407(h).
[3] Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, et al., 523 U.S. 26, 118 S.Ct. 956, 140 L.Ed.2d 62 (1998).
[4] In re Xybernaut Corp. Securities Litigation, 2005 U.S. Dist. LEXIS 27143 (J.P.M.L. Nov. 4, 2005); In re Adelphia Communications Corp. Securities & Derivative Litigation, 273 F.Supp.2d 1353 (Jud.Pan.Mult.Lit.2003); In re Commercial Money Center, Inc., Equipment Lease Litigation, 229 F.Supp.2d 1379 (Jud. Pan.Mult.Lit.2002); In re WorldCom, Inc. Sec. & ERISA Litigation, 226 F.Supp.2d 1352 (Jud.Pan.Mult.Lit.2002); In re Global Crossing Ltd. Securities & ERISA Litigation, 223 F. Supp.2d 1384 (Jud. Pan. Mult. Lit.2002); In re Reliance Acceptance Group, Inc. Securities Litigation, 1999 U.S. Dist. LEXIS 19205 (Jud. Pan.Mult.Lit. Nov. 9, 1999); In re American Continental Corp./Lincoln Savings & Loan Securities Litigation, 130 F.R.D. 475 (Jud.Pan. Mult.Lit.1990). See Kocher v. Dow Chemical Co., 132 F.3d 1225, 1227 (8th Cir.1997); Hillman v. Webley, 115 F.3d 1461, 1463 (10th Cir.1997).